# Barnett *v.* Philadelphia Market Company, Appellant.

*Corporations—Consolidation and merger—Rights of dissatisfied stockholders—Ascertainment of value of stock—Equity—Act of May 29, 1901, P. L. 349.*

Where a corporation, such as a market company, has been consolidated and merged with another corporation, and a dissatisfied stockholder has not voted against the consolidation, his remedy to ascertain the value of his stock and to enforce payment thereof is by bill in equity and not by proceedings under the Act of May 29, 1901, P. L. 349.

Even a stockholder who has voted against the consolidation is not confined to the remedy provided by the act of 1901. The protection given the stockholder in Lauman v. Lebanon Valley R. R. Co., 30 Pa. 42 is still to be found in chancery, assuring him actual payment for his stock, if he is compelled to part with it, instead of a judgment against the corporation for the value of it, to be collected "as other judgments are by law recoverable."

Argued March 25, 1907. Reargued April 2, 1907. Appeal, No. 377, January 3, 1906, by defendants, from decree of C. P. No. 2, Phila. Co., March T., 1904, No. 4,595, on bill in equity in case of Frank Barnett et al., trading as Wolf Brothers and Company, and Abraham Lehman, trading as N. Lehman and Brother, v. The Philadelphia Market Company et al. and the Quaker City Cold Storage & Warehouse Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity to ascertain value of stock of a corporation and to secure payment therefor. Before WILTBANK, J.

The plaintiffs averred in their bill that Frank A. Barnett, on October, 19, 1903, became, and at the time of filing the bill, still was the owner of 100 shares of the capital stock of the Philadelphia Market Company, the equitable title to which, however, was in the other plaintiffs; that the said Philadelphia Market Company and the Quaker City Cold Storage & Warehouse Company were both corporations duly incorporated. under the laws of the state of Pennsylvania, and had en-. tered into an agreement of merger, under date of February 16,

1904, which was filed in the office of the secretary of the commonwealth of Pennsylvania and by reason thereof, there was duly incorporated on March 15, 1904, the Pennsylvania Cold Storage & Market Company for the purpose of succeeding to all the property rights, franchises and privileges by law theretofore vested in said Philadelphia Market Company and the Quaker City Cold Storage & Warehouse Company respectively; that the action of the stockholders of the Philadelphia Market Company taken to produce this result was at a meeting which was not attended by any of the complainants; that the said Pennsylvania Cold Storage & Market Company under date of May 11, 1904, notified the complainants of the vesting of said property in it, and requiring the complainants to return the said certificate of stock standing in the name of the said Frank A. Barnett, for which would be issued a certificate of stock in the said Pennsylvania Cold Storage & Market Company; that none of the complainants ever consented to the said merger and consolidation, and demanded that the officers of the Philadelphia Market Company should abandon what they denominated as an unlawful scheme.

The bill prayed for an injunction restraining the Philadelphia Market Company from transferring to the Pennsylvania Cold Storage & Market Company its said property rights, privileges and franchises; that all of the said proceedings should be declared illegal and void, and that the Pennsylvania Cold Storage & Market Company be ordered and decreed to return to the Philadelphia Market Company all of said property; or that it should be decreed that the Philadelphia Market Company and the Pennsylvania Cold Storage & Market Company, or either of them pay to the complainants the full market value of their said stock in the said Philadelphia Market Company.

The answer set forth that the meeting of the stockholders of the Philadelphia Market Company was duly held in accordance with all provisions of law, of which meeting notice was given to the said Frank A. Barnett, who did not attend the said meeting, nor was he represented thereat; that the agreement referred to in the bill was duly submitted to the stockholders, and a resolution duly adopted approving the same by an unanimous affirmative vote of more than a majority of

the stock of said Philadelphia Market Company ; that the said merger had taken place under the provisions of the Act of assembly of Pennsylvania approved May 29, 1901, P. L. 349 ; that the said Frank A. Barnett had been requested to surrender his certificate for 100 shares of the stock of the Philadelphia Market Company of the par value of $50.00, and receive in exchange therefor a certificate of the Pennsylvania Cold Storage & Market Company for 100 shares of the par value of $50.00 ; that all of the stockholders had received similar requests, and that the said Frank A. Barnett was entitled to receive proportionately exactly as much stock as any other stockholder in said Philadelphia Market Company ; that the said plaintiffs never opposed the said merger, but, on the contrary, remained entirely silent until the bill in this case was filed, and that no demand that the said plan of merger be abandoned was ever made prior to the time of filing the bill by the plaintiffs; that the said merger was neither a scheme nor unlawful, but, on the contrary, was to the interest and advantage of all of the stockholders of the Philadelphia Market Company, and that the stock of the Philadelphia Market Company had been made of greater value than it was before the said merger took place.

The case was heard on bill and answer on the general question, and referred to Willis E. Barker, Esq., to ascertain the market value of the stock.

Exceptions to the report of the referee were dismissed by the court.

*Error assigned* among others was in decreeing the payment of the par value of the shares of the Philadelphia Market Company.

*John G. Johnson*, with him *Frank R. Shattuck*, for appellant.—The act of May 29, 1901, afforded to dissatisfied stockholders a remedy, which it was their duty to pursue. They are entitled to no other relief.

The court erred in sustaining the report of the referee fixing the value of the shares at par.

*Morris Wolf*, with him *Horace Stern*, for appellees.—A ma-

terial alteration of the contract between the corporators is an injustice which can be enjoined unless made by unanimous consent: Manheim, etc., Turnpike Co. v. Arndt, 31 Pa. 317; Caley v. Philadelphia, etc., R. R. Co., 80 Pa. 363; Knoxville v. Knoxville, etc., R. R. Co., 22 Fed. Repr. 758; Zabriskie v. Hackensack, etc., R. R. Co., 18 N. J. Eq. 178; Consumers' Gas Trust Co. v. Quinby, 137 Fed. Repr. 882.

There is no alteration of the contract between the corporators more material than the authority to consolidate with other corporations: Lauman v. Lebanon Valley R. R. Co., 30 Pa. 42; Temperance Mut. Ben. Assn. v. Friendly Society, 187 Pa. 38; Mowrey v. R. R. Co., 4 Biss. 78; Atlantic, etc., R. R. Co. v. Georgia, 98 U. S. 359; Appeal of Hose Companies, 6 Leg. Gaz. 79; Commonwealth v. P. & W. R. R. Co., 41 Legal Int. 448; Wait on Insolvent Corporations, sec. 423; McCray v. Junction R. R. Co., 9 Ind. 358; Clearwater v. Meredith, 1 Wall. 25; Owensborough Bank v. Barrett, 13 S. W. Repr. 337; Mayfield v. Alton Ry., etc., Co., 198 Ill. 528 (65 N. E. Repr. 100); Rabe v. Dunlap, 51 N. J. Eq. 40 (25 Atl. Repr. 959).

The decision in Lauman v. Railroad Co., 30 Pa. 42, is, that in the case of a consolidation, as in the case of a dissolution, stockholders may, at their option, demand the cash value of their interest, and until this be paid or security given for its payment, the court will enjoin a consolidation, even though authorized by act of legislature: Clearwater v. Meredith, 1 Wall. 25; Mowrey v. R. R. Co., 4 Biss. 78; Jones v. Edison Electric Co., 144 Fed. Repr. 765; 2 Cook on Corporations, sec. 500.

Whether the effect of the consolidation would be to increase the value of the complainants' stock, as the defendant alleges, or to decrease it, as the complainants allege, is not material from a legal standpoint: Mowrey v. Indianapolis, etc., Ry., 4 Biss. 78; Mills v. Cent. R. R. Co., 41 N. J. Eq. 1 (2 Atl. Repr. 453); Morris v. Elyton Land Co., 125 Ala. 263 (28 So. Repr. 513); Robinson v. Holbrook, 148 Fed. Repr. 107.

There was no manifest error in the referee's finding that the complainants' stock was worth par: Price's App. 54 Pa. 472; Plankinton's Est., 212 Pa. 235; De La Vergne Refrigerating Machine Co. v. Kolischer, 214 Pa. 400.

Opinion by Mr. Justice Brown, June 25, 1907:

The prayers of this bill are in the alternative. The complainants ask that the consolidation or merger of the Philadelphia Market Company with the Quaker City Cold Storage and Warehouse Company and the resulting incorporation of the two as the Pennsylvania Cold Storage and Market Company, be declared illegal and void, or that they be paid, by the defendants, or either of them, the full market value of their stock held and owned by them in the Philadephia Market Company. The first prayer was not granted, but a decree was made for the relief asked for in the second. A referee was appointed to ascertain the market value of the stock. He reported it to be $50.00 per share, which is its par value. The consolidation of the companies has not been interfered with, and the only questions to be determined on this appeal are whether errors were committed in the decree directing that the defendants, or either of them, pay to the complainants the full market value of their stock and in confirming the report of the referee fixing it at $50.00 per share. By section 5 of the Act of May 29, 1901, P. L. 349, a remedy is given to a stockholder of a corporation becoming a party to an agreement of merger or consolidation for the ascertainment of the damages he may sustain by the merger or consolidation and for the collection of the same, and one of the contentions of the appellants is that the appellees were bound to pursue the remedy provided by that section and were entitled to no other relief. The court below refused to concur in this, but gave no reason for its refusal to do so.

The remedy provided by the act of 1901 can be invoked only by those who are entitled to it, and they are stockholders who are not only dissatisfied with or object to a consolidation, but who, at a stockholders' meeting, " voted against the same." These appellees were not present at the stockholders' meeting either in person or by proxy, and, not having voted against the consolidation, the court below may have been of opinion that they were not within the terms of the 5th section of the act of 1901. There is no provision in that section for a stockholder who is simply dissatisfied with a proposed consolidation, as there is in the Act of March 24, 1865, P. L. 49, authorizing the consolidation of railroad companies. ` But, even if the appellees might

have pursued the remedy provided by the 5th section of the act of 1901, they were not bound to do so. No new right is conferred upon stockholders by the act of 1901, and no one theretofore enjoyed by them has been impaired by it. It authorizes consolidation, but does not take away the right of a stockholder to refuse to surrender his stock for that in a new corporation or to take anything less for it than its actual value, if his company is to be practically dissolved. This is all the decree secures to the appellees, and to it they were entitled : Lauman v. Lebanon Valley R. R. Co., 30 Pa. 42. A dissatisfied stockholder voting against consolidation effected under the act of 1901 "may" have his damages and the value of his stock ascertained and payment of the same secured in the mode pointed out in that act, but this remedy is not his only one. He may adopt it if he prefers it to that which these appellees adopted ; but he is not required to do so. The protection given the stockholder in Lauman v. Lebanon Valley R. R. Co. is still to be found in chancery, assuring him actual payment for his stock, if he is compelled to part with it, instead of a judgment against the corporation for the value of it, to be collected " as other judgments are by law recoverable."

We have not been persuaded that any error was committed by the referee in fixing the par value of the stock at its market value, and his report, confirmed by the court below, will not be disturbed. The value was ascertained in accordance with our own cases and the authorities generally directing how the value of stock of this kind, not listed and having no quoted price, shall be determined.

Appeal dismissed and decree affirmed at appellants' costs.