## In re INTERBOROUGH CONSOLIDATED CORPORATION.

(District Court, S. D. New York. December 23, 1921.)

No. 26690.

1. **Corporations ⟺583—Statute governing consolidation is read into stock contract.**

   Business Corporation Law N. Y. § 7, which was in force when preferred stock in a corporation was acquired, and which authorized a consolidation of the corporation with another with consent of two-thirds of the stockholders, must be read into the contract between the stockholders and the corporation.

2. **Corporations ⟺584—Action does not lie to recover value of stock of corporation consolidated with another.**

   An action at law or suit in equity will not lie to recover the value of stock in a corporation which has consolidated with another corporation.

3. **Corporations ⟺584—Preferred stock of a corporation consolidated with another has no lien for accumulated dividends on assets not segregated.**

   The preferred stock of a corporation, which had consolidated with another corporation with the consent of two-thirds of the stockholders, as required by statute, at a time when several of the dividends on such preferred stock had accumulated unpaid, gives to holder, who did not avail herself of the statutory procedure to have her stock appraised and the value allowed to her, no lien on the assets of the original corporation in the hands of the consolidated corporation, which had never been segregated for the payment of the preferred stock dividends.

In Bankruptcy. In the matter of the Interborough Consolidated Corporation, bankrupt. On claim of Agnes M. F. Reilly to recover dividends on preferred stock of a consolidated corporation as a preferred claim. Claim denied.

For brevity, Interborough-Metropolitan Company will be referred to as Inter-Met.; Finance & Holding Corporation, as F. & H. Co.; the bankrupt, as Consolidated Co. The claimant, acquired 300 shares of preferred stock of Inter-Met. in 1906. Inter-Met. was organized under the Business Corporations Law of the state of New York in 1906. At the time of the organization of the Corporation, and at the time when claimant acquired her shares of the preferred stock of the corporation, section 8 of the Business Corporations Law (Consol. Laws, c. 4) of the state of New York (now section 7 of the Business Corporations Law) as amended by section 520 of the Laws of 1901, provided for the consolidation of any two or more corporations organized under the laws of New York for the purpose of carrying on any kind of business of the same or of a similar nature, and set forth the procedure by which such consolidations could be accomplished. Section 9 of the Business Corporations Law (now section 8) provided for the submission of the consolidation agreement to the stockholders of the respective corporations sought to be consolidated, and the consolidation became effective under those statutes when the agreement of consolidation received the approval of the holders of two-thirds of the outstanding stock.

In 1915, Inter-Met. and F. & H. Co. were consolidated pursuant to the provisions of section 7 of the Business Corporations Law of the state of New York as enacted by chapter 12 of the Laws of 1909 (formerly section 8 of the Business Corporations Law), and pursuant to the provisions of section 8 of the Business Corporations Law as enacted in 1909 (formerly section 9 of the Business Corporations Law) the agreement was submitted to the stockholders of the respective corporations, and received the affirmative vote of the holders of 78 per cent. of the preferred stock and 81 per cent. of

the common stock of Inter-Met. There were then issued and outstanding 457,400 shares of preferred stock and 932,261 shares of common stock of Inter-Met.; 5,635 votes were cast against the consolidation, and of these 2,800 were preferred stock and 2,835 common. All of the preferred stock which voted against the consolidation has been converted into shares of stock of the Consolidated Co. The claimant did not avail herself of her right under the provisions of section 8 of the Business Corporations Law, as enacted by chapter 12 of the Laws of 1909 (formerly section 9 of the Business Corporations Law), to have her stock appraised and the value paid to her.

The preferred stock of Inter-Met. was entitled to cumulative dividends at the rate of 5 per cent. per annum. Only two quarterly dividends were ever paid on this preferred stock, to wit, the first two quarters in the year 1907. No dividends were ever paid upon the common stock of Inter-Met. By the agreement of consolidation a holder of preferred stock of Inter-Met. became entitled to exchange the same for a share of the preferred stock of the Consolidated Co., which was entitled to non-cumulative dividends at the rate of 6 per cent. per annum. Prior to the consolidation of Inter-Met. Co. with F. & H. Co., the former had sustained losses through the shrinkage in value of its assets arising by the collapse of Metropolitan Securities Company and Metropolitan Street Railway Company. When the consolidation was brought about the first balance sheet of Consolidated Co. reflected this loss. The assets were insufficient to pay the par value of the preferred and common stock of Inter-Met.

Claimant here brought suit in the New York Supreme Court against Inter-Met. Co., asserting that she was entitled to 5 per cent. cumulative dividends upon her stock and demanding that Inter-Met. account to her for the earnings of the Consolidated Co. from and after the date of the consolidations. The action was brought to trial in 1918 and the complaint was dismissed on the grounds, first, that if there were any right of action at all it was against Consolidated Co.; and, second, that no action would lie against the Consolidated Co. because of the matters set forth in the complaint.

The claimant does not allege fraud nor collusion to injure her rights, nor that any preferred stockholder was treated differently than she under the consolidation agreement. Substantially all of the preferred stock of Inter-Met., with the exception of 1,325 shares, has been converted into stock of the Consolidated Co. Of the 1,325 shares not converted, claimant owns 300. The holders of substantially all the remaining 1,025 shares cannot be located.

Consolidated Co. declared 12 quarterly dividends of 1½ per cent. each, payable upon the preferred stock of Inter-Met. which remained outstanding, and under the decision of this court in Re Interborough (D. C.) 267 Fed. 914, the holders of such stock are entitled upon the surrender of their certificates of stock of Inter-Met. to receive shares of preferred stock of Consolidated Co., together with dividends aggregating 18 per cent. thereon. The funds for this purpose are held by the trustee, who, pursuant to the order of this court, is prepared to deliver the required amount of preferred stock of Consolidated Co. and the amount payable as dividends with respect to the shares of stock of Inter-Met. held by claimant. No dividends were ever paid, nor was any other distribution ever made, to the holders of common stock of either Inter-Met. or Consolidated Co.

Claimant's contentions are stated by her counsel as follows:

"First. That she was not compelled to go into an appraisal, under the statute, of her preferred stock.

"Second. That by virtue of the language of the certificate of preferred stock the corporation had made a contract with each preferred stockholder in the nature of a vested right guaranteeing dividends with interest thereon which was 'a constituent, valuable, and an inseparable portion of the stock,' only awaiting the happening of the contingency provided for in the contract to become fixed; that this contract could not be canceled or ignored, but that the accumulated unpaid dividends had to be provided for in the consolidation, in addition to providing for the giving of new stock for the old stock, and that nothing was done in the consolidation making such provision.

"Third. That the claimant had an equitable right to have the value, not only of her stock, but of her additional claim in the accumulative dividends ascertained, irrespective of any appraisal.

"Fourth. That the claimant is not guilty of laches."

John T. Fenlon, of New York City, for claimant.
Alfred A. Cook, of New York City, for trustee in bankruptcy.

MAYER, Circuit Judge (after stating the facts as above). In the case at bar, claimant acquired her stock after the statute authorizing consolidation of corporations had been enacted. She thus held her stock with the advantages and the burdens of the statute, and the statute was read into the contract between her and the corporation. The difference in status between one who acquires stock prior to the existence of such a statute and one who acquires stock subsequent to its enactment is well illustrated in Clearwater v. Meredith, 1 Wall. 25, 40, 17 L. Ed. 604, and Nugent v. Supervisors of Putnam Co., 19 Wall. 242, 22 L. Ed. 83. See also Town of East Lincoln v. Charles Davenport, 94 U. S. 801, 24 L. Ed. 322; Township of New Buffalo v. Cambria Iron Co., 105 U. S. 73, 26 L. Ed. 1024; Livingston County v. Bank of Portsmouth, 128 U. S. 102, 9 Sup. Ct. 18, 32 L. Ed. 359.

At the time when Inter-Met. was organized, and at the time when the claimant acquired her interest in the preferred stock therein, section 8 of the Business Corporations Law provided for the consolidation of the corporation with another corporation organized for similar purposes and objects, by the approval of the holders of two-thirds of the outstanding stock, and section 9 of the Business Corporation Law provided the remedy for the dissenting stockholder, to wit, a proceeding to have the value of his stock appraised by judicial action and for the payment to him of the value ascertained. Upon the consolidation of the Business Corporations Law in 1909, section 8 became section 7 and section 9 became section 8. The statutes, however, are identical in form. When the statute here concerned was originally adopted in 1890, it carried with it the provision for a remedy to the dissenting stockholder. This was on the theory that, having deprived him of the right to prevent a consolidation, and having abrogated the rule at common law requiring unanimous approval to a consolidation, he would have a remedy in the event that he disapproved the consolidation.

[1] The theory of the statute was that a dissenting stockholder would be protected, so far as his legal rights were concerned, if procedure was established by which he could obtain the value of his holding in the event that he was not agreeable to the proposed consolidation. A corporation being the creature of the state, brought into being only by virtue of the state's permission, it is fundamental, as pointed out supra, that the statute is a part of the contract and that, when a person buys stock, he buys the same with all the obligations imposed by the statute. Colby v. Equitable Trust Co., 124 App. Div. 262, 108 N. Y. Supp. 978, affirmed 192 N. Y. 535, 84 N. E. 1111.

[2] It has been held in various jurisdictions that an action at law or in equity will not lie for the recovery of the value of the stock.

Mayfield v. Alton Gas Co., 198 Ill. 528, 65 N. E. 100; Mansfield v. Brown, 26 Ohio St. 223; Bish v. Johnson, 21 Ind. 299; Noyes on Intercorporate Relations, pp. 90, 91. The Mayfield Case, supra, contains an admirable exposition of the particular question here discussed. Without analyzing what may be the difference between the principle as set forth in the cases just cited and that of the Pennsylvania decisions (Barnett v. Phila., etc., Market Co., 218 Pa. 649, 67 Atl. 912, and Winfree v. Riverside Cotton Mills, 113 Va. 717, 75 S. E. 309), the latter cannot be accepted as sound in principle, if construed as contrary to the Mayfield Case and to the observations well stated by former Judge Noyes in section 46 of his book on Intercorporate Relations. In addition to the views here expressed is the authority of the New York Supreme Court, per Mr. Justice Hotchkiss, for whose opinions I entertain great respect. In a suit brought by this plaintiff against Inter-Met., Mr. Justice Hotchkiss said in the course of the argument:

"The statutes which provide for the consolidation of corporations have to that extent deprived minority stockholders of certain common-law rights; that is, it deprives them in a sense, for they are made subordinate to the right of the prescribed majority to carry the corporation and its assets over into the amalgamated corporations. But a minority stockholder has his rights protected under the statute. He does not need to go into the consolidation if he protests. By all the statutes I have ever had occasion to examine, it is provided that if a stockholder objects a commission shall be appointed to determine the value of his distributive share of the assets. * * * Your rights were protected by the provision of law which permitted you to have appraisers appointed and to be paid the value of your holdings. That you did not do. Whether you have irretrievably lost your right to do that I do not pretend to say. But, having failed to object to the consolidation, your rights have been determined by virtue of the statutory proceedings to which you were a party, and the benefit of which was extended to you. But you have not done that. You have remained silent."

I think the foregoing is all that need be said upon this point.

[3] In respect of the claim filed for cumulative dividends on the preferred stock, it appears that at the time of the consolidation no assets whatever of Inter-Met. were segregated or set apart for the dividends on the preferred stock. Again, Mr. Justice Hotchkiss said all that is necessary on that point:

"There is nothing in the complaint to show that there was ever a dollar of the estate of the Interborough-Metropolitan Company segregated or set apart for dividends for the preferred stockholders. Until that was done they were all general assets, on which you had no lien, but an inchoate right."

Further, on the facts as they existed, the directors would not have been justified in paying any dividends, and might have subjected themselves to personal liability, if they had done so. In brief, there is no theory upon which plaintiff's application may be sustained, nor any theory upon which the claim is preferred.

As a review of my decision is probably by petition to revise, and as the Circuit Court of Appeals on a petition to revise examines only questions of law, I find as facts the facts in the paper, entitled "Agreed Statement of Facts in re Alleged Claim Filed by Agnes M. F. Reilly

(Claim No. 2750)." Of course, the claimant still has the right considered in the case of In re Interborough Consolidated Corporation (D. C.) 267 Fed. 914.

Submit order on three days' notice.