**ALLEGHENY STEEL CO. v. UNITED STATES.**

**No. 43053.**

Court of Claims.
March 1, 1937.

[1] Not released by court at date of publication.

Clarence E. Frey, of Washington, D. C. (George B. Furman of Robertson, Furman & Murphy, of Washington, D. C., on the briefs), for plaintiff.

J. W. Blalock, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

Plaintiff brings this suit to recover alleged overpayments of income taxes for the years 1929 and 1930, claiming that this overpayment resulted from the refusal of defendant's officials to permit proper deductions for interest payments which had accrued in those years.

The facts are not in dispute. It appears that about April 16, 1929, the plaintiff, which is a corporation, entered into an agreement for the merger and consolidation with it of the West Penn Steel Company, another corporation, and through this agreement it succeeded to all of the property rights and franchises of the last-named company. The agreement provided that the stockholders of the West Penn Steel Company should receive for each share of common stock in that company seven and one-half shares of the common stock of the plaintiff and be paid for fractional shares at the rate of $50 a share, which had the effect of fixing the valuation for the common stock of the West Penn Steel Company at $375 a share.

A large but minority group of the common stockholders of the West Penn Steel Company refused to accept the terms in the merger agreement, and in July of 1929 instituted suit in equity in a Pennsylvania court to recover payment for the "real value" of their stock. To offset any amount which might be recovered against it in this suit, the plaintiff on December 31, 1929, set up on its books a reserve of $900,000 accompanied by a ledger entry showing that it was intended to cover the amount involved in the suit begun by the minority stockholders and then pending. The amount of this reserve so set up was fixed on the basis of the valuation of $375 a share provided for by the original contract of merger with an additional allowance for interest and expenses of the suit. The action proceeded to judgment, and on February 19, 1931, a final decree was entered whereby the plaintiff was ordered to pay to the stockholders bringing suit $421 a share for the shares owned by them, together with interest thereon at the rate of 6 per cent. per annum from May 6, 1929. The amount of interest paid by plaintiff under the court decree was $103,331.62, which plaintiff asks be allocated over the period of pendency of the suit as follows:

| Year | Amount |
|---|---|
| 1929 | $36,355.16 |
| 1930 | 55,521.48 |
| 1931 | 11,454.98 |

Plaintiff paid its taxes for the years 1929 and 1930 without any deduction being allowed on account of such interest. Later it duly filed claims for refund in the respective sums of $3,999.07 for 1929 and $6,662.57 for 1930. The Commissioner rejected these claims, and this suit followed.

The ultimate issue in the case is whether the plaintiff is entitled to allocate the payments of interest for 1929 and 1930 as stated above and be allowed a deduction accordingly as for interest which had accrued during the taxable year.

One defense which is set up by defendant is that, although the judgment recovered against the plaintiff by the minority stockholders awarded a certain amount which was denominated in the decree as interest, this was not in fact in-

terest in the ordinary meaning of the word but merely a sum granted to the plaintiffs in the suit as compensation for the delay in obtaining their rights. The suit was one in equity in which some of the stockholders of the West Penn Steel Company sought to recover what they claimed was the real value of their common stock in that company which they had lost by the merger. The equity courts of Pennsylvania hold that they have jurisdiction to grant relief in such transactions. Lauman v. Lebanon Valley R. R. Co., 30 Pa. 42, 72 Am.Dec. 685; Barnett v. Philadelphia Market, 218 Pa. 649, 67 A. 912. But the defendant contends that the sum specified as interest forming a part of the total amount awarded by the judgment in favor of the minority stockholders was not in fact interest in the ordinary sense of the term but merely a measure of what would compensate these stockholders for the delay in obtaining the value of their stock, and that the situation is similar to cases against the United States in which the plaintiff is found to be entitled to "just compensation," and as a part of this just compensation is awarded interest as an appropriate measure of the amount which will recompense him for the delay in obtaining what is due him. This rule has been applied in many cases, the citation of which is not necessary here, as we do not think it is necessary to determine on what basis the Pennsylvania court awarded "interest" to the plaintiffs in the equity suit, for the reason that we consider that the defendant has a good and sufficient defense to plaintiff's suit on another ground.

The defendant also contends that, even if it be held that the Pennsylvania court did in fact award the plaintiffs in the equity suit "interest" in the ordinary signification of the term, nevertheless the plaintiff is not entitled to recover, for the reason that such interest was neither paid, accrued, nor incurred in the taxable years for which plaintiff seeks to have it allowed as a deduction. The plaintiff, on the other hand, contends that as the liability upon which the judgment was rendered was clearly established and the plaintiff set up a reserve on its books to the amount of $375, a common share plus interest from the date of the merger, the interest accrued as time went on, that the amount thereof was merely a matter of mathematical calculation, and having been

subsequently paid it was deductible in the years for which the award was made.

We do not wish to be understood as holding that the plaintiff actually sustained a loss. In obtaining from the majority of the stockholders of the West Penn Steel Company their stock for an equivalent of $375· a share when it in fact, in accordance with the decision of the court, was worth $421 a share, it would seem at first glance as if the plaintiff actually made a very large profit in the transaction; also that when it paid the minority stockholders $421 a share for their stock it paid only what the court adjudicated it was fairly worth, and hence lost nothing on the transaction as a whole by reason of the judgment of the court. But the case has been submitted on the assumption that plaintiff did sustain a loss, and we think it can be correctly disposed of on that basis.

The plaintiff kept its books and made its income tax returns on an accrual basis and, if the interest included in the judgment had actually "accrued" within the meaning of the law during the years it now seeks to have it allowed as a deduction, the contention of the plaintiff must be sustained.

We have been unable to find any decisions made in cases where a question arose as to the deductibility of interest awarded against the taxpayer as part of a judgment. There are, however, numerous cases in which as we think the same principle is involved. In these cases a judgment was rendered against the taxpayer after a more or less extended litigation upon a cause of action which originated some years prior to the entry of the judgment.

In Lucas v. American Code Co., 280 U.S. 445, 50 S.Ct. 202, 74 L.Ed. 538, 67 A.L.R. 1010, the taxpayer sought to deduct as a loss from its 1919 gross income the amount for which a judgment was recovered against it in 1922 on a contested liability for breach of contract in 1919, having in that year set up a reserve to meet this contingent liability, but the Supreme Court held this could not be done, and said (at page 450 of 280 U.S., 50 S. Ct. 202, 203, 74 L.Ed. 538, 67 A.L.R. 1010): "It may be assumed that, since the company kept its books on the accrual basis, the mere fact that the exact amount of the liability had not been definitely fixed in 1919 would not prevent

the deduction, as a loss of that year, of the amount later paid. But here there are other obstacles. Obviously, the mere refusal to perform a contract does not justify the deduction, as a loss, of the anticipated damages. For, even an unquestionable breach does not result in loss, if the injured party forgives or refrains from prosecuting his claim. And, when liability is contested, the institution of a suit does not, of itself, create certainty of loss."

And also (at page 452 of 280 U.S., 50 S.Ct. 202, 204, 74 L.Ed. 538, 67 A.L.R. 1010): "The prudent business man often sets up reserves to cover contingent liabilities. But they are not allowable as deductions. * * * It cannot be said that the loss actually paid by the company in 1923 was, as a matter of law or of undeniable fact, sustained in 1919."

The doctrine stated in the Lucas Case, supra, has been somewhat extended and amplified. It was applied by this court in the case of Daniels & Fisher Stores Co. v. United States, 56 F.(2d) 477, 74 Ct.Cl. 233, where it was sought to deduct as a loss the amount of a judgment upon a claim that had been made against the plaintiff some years previous, and it was held that losses which depend on the result of a contested action in court are not definitely fixed prior to the rendition of judgment therein. In the case of John Thatcher & Son v. Commissioner, 30 B. T.A. 510, it appeared that the taxpayer held a bond under which he claimed to be entitled to be reimbursed for the default of certain subcontractors. Suit was begun on the bond and was terminated some years later by a judgment against plaintiff which had the effect of establishing a loss for the amount thereof. It was held that plaintiff was entitled to deduct the loss in the year the judgment was rendered.

The cases which we have cited above all pertain to the deduction of losses, and the language of the statute upon which they depend necessarily is not the same. The principle, however, has been applied in other instances. The case of Brown v. Helvering, 291 U.S. 193, 54 S.Ct. 356, 360, 78 L.Ed. 725, involved a question as to the right to deduct certain expenses from gross income in making up a return. It appeared that the plaintiff was a general agent for an insurance company and derived part of his income from a so-called "overriding commission" on the net premiums derived from business written through the local agents. These commissions were subject to deductions on account of subsequent cancellations of business through which they had been received and it appeared that a fair estimate could be made as to the extent the policies would be canceled in future years. The plaintiff's books were kept on an accrual basis, and the year's income for overriding commissions was reduced by the estimated amount of the refunds which would have to be made in future years. Plaintiff claimed the right to take this deduction under the statutory provision which allowed a deduction from gross income for the amount of "necessary expenses paid or incurred during the taxable year." Revenue Act 1921, § 214 (a) (1), 42 Stat. 239. The language is not quite the same as is used with reference to deductions for interest, which allows "all interest paid or accrued within the taxable year" (Revenue Act 1921, § 214 (a) (2), 42 Stat. 239), but there is no difference in principle, only one of wording. Expenses are "incurred," interest has "accrued." The Supreme Court held in effect in the Brown Case, supra, that the liability was contingent, as it certainly was in the case now before us, and said: "Except as otherwise specifically provided by statute, a liability does not accrue as long as it remains contingent."

In the instant case plaintiff's liability in the equity suit commenced against it depended upon a number of matters which entered into the value of the stock of the West Penn Steel Company and was also contingent upon the equity court sustaining the legal contentions of the minor stockholders. Until the case was finally decided, there was no way of ascertaining whether any liability would be established, or if one were established what would be the amount thereof. Where there is a contingency as to whether any award will be made by judgment, necessarily there is a contingency as to whether any interest will be allowed thereon. We think the principle laid down in the cases cited above is applicable to the instant case and hold that the interest which the plaintiff was obliged to pay did not accrue until judgment was entered for it. It follows that plaintiff's petition must be dismissed and it is so ordered.