## Lowry, Appellant, v. General Waterworks Corporation.

Argued November 27, 1961. Before Bell, C. J., Jones, Cohen, Eagen and Alpern, JJ.

*W. Bradley Ward,* with him *John A. Eichman, 3rd,* and *Clark, Spahr, Eichman & Yardley,* and *Schnader, Harrison, Segal & Lewis,* for appellants.

*Richard C. Bull,* with him *LeRoy E. Perper,* and *White and Williams,* for appellee.

Opinion by Mr. Justice Benjamin R. Jones, January 2, 1962:

On April 12, 1957 a majority of the directors of Fifteen Hundred Walnut Street Corporation (Fifteen Hundred), a Pennsylvania corporation, approved a plan and agreement of merger with General Waterworks Corporation (General), a Delaware corporation. On June 3, 1957 at a stockholders' meeting this

merger became effective over the dissenting votes of appellants.

Appellants own 1499 shares of a total of 6590 shares of the common stock of Fifteen Hundred and one of appellants owns 38 shares of a total of 2175½ shares of the preferred stock of Fifteen Hundred.[1] They dissented and registered their objections to the merger of Fifteen Hundred and General. General at the time of merger offered the dissenting shareholders $54 for each share of common stock and $89 for each share of preferred stock, conditioned upon acceptance of those prices at that time in full payment and settlement of the dissenting shareholder's claims.

Within the time prescribed by the Business Corporation Law *then in effect* (Act of May 5, 1933, P.L. 364, §515, added 1957, July 11, P.L. 711, §1, 15 PS §2852-515), the dissenting shareholders filed with General a demand for the payment of the fair value of their shares and, no agreement having been reached with respect to such fair value, the dissenting shareholders filed separate petitions in the Court of Common Pleas No. 3 of Philadelphia County asking for the appointment of appraisers to appraise the fair value of their stock. Appraisers were appointed by the court and, after hearing testimony, the appraisers filed a report with the court in which the report to the fair value of the preferred stock of Fifteen Hundred was found to be $96.48 per share and the fair value of the common stock of Fifteen Hundred was found to be $99.07 per share. The appraisers recommended that the court make awards to the dissenting shareholders in accordance with their report.

---

[1] One dissenting common shareholder who has not appealed owns 4 shares of common stock so that there is a total of 1503 dissenting common shares and another dissenting shareholder who has not appealed owns 10 shares of preferred stock so that there is a total of 48 dissenting preferred shares.

The dissenting shareholders' exceptions to the appraisers' report were dismissed by the court and the court made awards to the dissenting shareholders in the amounts recommended by the appraisers and judgments were entered accordingly.

The sole question presented upon this appeal is whether the court below should have held as a matter of law, in appraisal proceedings under the Pennsylvania Business Corporation Law, supra, that dissenting shareholders in a corporation merger are entitled to receive and that the surviving corporation is obligated to pay interest on the amounts awarded by the court to such dissenting shareholders for the fair value of their shares, or damages or other compensation for the detention of such fair value.

The Pennsylvania Business Corporation Law, supra, under which these proceedings took place provides, inter alia: "The award of the appraisers, or of a majority of them, shall be submitted to the court for determination, and the *judgment of the court thereon shall be final and conclusive.*" (Emphasis supplied). It is clear that the remedy given by the statute to a dissenting shareholder contains no provision for interest. In *Dauphin Deposit Trust Company v. Myers,* 388 Pa. 444, 460, 130 A. 2d 686, we stated: "Where a statute expressly provides that there shall be no appeal or that the decision of an administrative agency or of a Court shall be final or conclusive and not subject to review 'the scope of appellate review is limited to the question of jurisdiction and the regularity of the proceedings; the merits of the controversy cannot be considered even though the interpretation given to the facts or the law by the governmental agency or the court below may have been erroneous. It is only where the statute is silent on the question of appeal that a review by certiorari may be had "in the broadest sense" and the court may consider the record, including the testi-

mony, to determine whether the findings are supported by competent evidence and to correct any conclusions of law erroneously made.' Kaufman Construction Co. v. Holcomb, 357 Pa. 514, 55 A. 2d 534; Delaware County National Bank v. Campbell, 378 Pa., supra (page 317-318). See to the same effect: Swank v. Myers, 386 Pa. 331, 339, 126 A. 2d 267; Addison Case, 385 Pa. 48, 122 A. 2d 272; Philadelphia Saving Fund Society v. Banking Board of Pennsylvania, 383 Pa. 253, 118 A. 2d 561; Twenty-first Senatorial District Nomination, 281 Pa. 273, 126 A. 566." See also: *Scott Township Appeal,* 388 Pa. 539, 541, 542, 130 A. 2d 695; *Chase Appeal,* 389 Pa. 538, 546, 547, 133 A. 2d 824. In *Dauphin,* supra, we also held that a review on narrow certiorari did not preclude us from reversing a judgment, order or decree of a lower court where "an excess of powers, i.e., powers beyond those granted or possessed, was exercised by such . . . lower Court" (p. 462).

Our scope of review in the instant appeal is on narrow certiorari and we inquire only whether the court below had jurisdiction, whether the proceedings were regular and whether the court exceeded its powers. It is clear this court had jurisdiction, that the proceedings were regular and that it did not exceed its powers.

The sole question presented on this appeal alleges that the court below committed *an error of law* in not awarding either interest upon the amounts awarded to the dissenting shareholders for the fair value of their shares or damages or other compensation for the detention of such fair value. Upon narrow certiorari, we cannot consider this question.

Appeals dismissed.

———

DISSENTING OPINION BY MR. JUSTICE COHEN:

In Pennsylvania, the right of shareholders dissenting from corporate mergers, consolidations and other combinations to demand cash for their shareholder in-

terest in the absorbed corporation rests in equity. *Lauman v. The Lebanon Valley Railroad Co.,* 30 Pa. 42 (1858). This right is based on the principle, established in *Lauman,* that a shareholder cannot be required to accept what is, in effect, an investment in an admittedly different corporation. The right is based on constitutional precepts and not on statutory authority (although our statutes now cover this question). Regardless, however, of whether or not it is statutory, normal principles of just and fair compensation require detention money or interest to be paid on the appraised value from the time of the actual "taking."

We have required interest in the form of detention damages to be paid by the state and various governmental agencies in eminent domain actions from the time of the actual taking. See, *Wolf v. Commonwealth,* 403 Pa. 499, 505-6, 170 A. 2d 557 (1961); *Gitlin v. Pennsylvania Turnpike Commission,* 384 Pa. 326, 121 A. 2d 79 (1956). I see no reason why the same obligation should not be imposed on a "taking" corporation.

Moreover, we should not restrict our scope of review to that of narrow certiorari in this case. The equitable remedy provided for in the *Lauman* case has never been overruled by the courts or superseded by legislation— it exists as an additional remedy for the dissentient shareholder, from which there is obviously no such restriction on our scope of review. *Barnett v. Philadelphia Market Co.,* 218 Pa. 649, 67 Atl. 912 (1907); *Nice Ball Bearing Co. v. Mortgage Building & Loan Assn.,* 310 Pa. 560, 565-6, 166 Atl. 239 (1933).

Since the Act of 1957 did not advert to the question of detention money or interest from the time of the taking, and since the dissenting shareholder's right for interest could be founded on the right based in equity, it is questionable whether we should be so anxious to preclude this court from reviewing a question of law of this importance.

I dissent.