# In re The Mutual Benefit Company of Pennsylvania.
## Appeal of David Sulzberger.

*Beneficial associations—Dissolution—Sale of assets—Estoppel.*

A member of an insolvent beneficial association who, with ample notice of the proceedings, stands by and permits a decree of dissolution of the association to be entered by which the officers are directed to transfer all of the assets to an insurance company in consideration of the latter company reinsuring the members of the association, cannot, after the delay of a year, and after the assets have been distributed in accordance with the decree, have the decree opened.

Argued Jan 9, 1899. Appeal, No. 110, Jan. T., 1898, by David Sulzberger, from decree of C. P. No. 2, Phila. Co., Sept. T., 1893, No. 1017, dismissing petition to open decree of dissolution. Before STERRETT, C. J., GREEN, WILLIAMS, MC-COLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition to open a decree dissolving a beneficial association. The facts appear by the opinion of the Supreme Court.

*Error assigned* was dismissal of petition.

*Ephraim Lederer,* for appellant.—A member of The Mutual Benefit Company of Pennsylvania, in good standing at the time of the dissolution of the company, was entitled to his dividend of the assets of the company as provided by the act of assembly of April 9, 1856, and unless he by express contract with another person or corporation assigned his right to his share of said assets, the court has no power to award such share to any other person or corporation for any purpose whatever: Fraternal Guardians' Assigned Estate, 159 Pa. 594; North American Mining Co. v. Clarke, 40 Pa. 432; Treadwell v. Salisbury Mfg. Co., 73 Mass. 393.

A decree having been made by the court below by which appellant's share of the assets of The Mutual Benefit Company of Pennsylvania was without his authority or sanction paid to the New York Life Insurance Company, said decree was erroneously entered as to him, and should therefore be opened and amended so that he may secure his dividend of the assets of the company as provided by law: Codwise v. Gelston, 10 Johns. 507.

*George P. Rich*, with him *Henry C. Boyer*, for appellee.—A majority in interest of the stockholders of a corporation may dissolve it by a voluntary surrender of its franchise, even if a minority of the stockholders are opposed to a dissolution, where the corporation is insolvent, or is doing a failing business, and is manifestly unable to accomplish the purpose of its organization: 2 Cook on Corporations (4th ed.), sec. 629; Lauman v. Lebanon Valley R. R. Co., 30 Pa. 42.

Opinion by Mr. Chief Justice Sterrett, March 20, 1899:

Appellant was a member of the Mutual Benefit Company which was duly incorporated by decree of court in September, 1871. Its declared object was "to provide for the widows, orphans and other relatives and dependents of its members on the death of such members." In 1895, the managers of the company found that it was practically insolvent, and that the scheme of insurance, upon which the company's business was based, was impracticable. With the view of protecting the members, an arrangement was made with the New York Life Insurance Company to reinsure them, upon delivery to the latter company of all the assets of the Mutual Benefit Company. This plan was approved at a meeting of the corporation, and pursuant to a resolution then passed, a petition was presented to court praying for a dissolution of the company and an order that the assets be delivered to the New York Life Insurance Company in accordance with the plan that had been ratified by the stockholders. That petition was referred to an auditor who reported in favor of granting the prayer thereof. His report was confirmed by the court, and a decree entered dissolving the corporation and directing its officers to transfer the assets to the New York Life Insurance Company in con-

sideration of the policies to be issued by the latter company to
the members of the Mutual Benefit Company. That decree
was entered on June 30, 1894, and shortly thereafter the officers
transferred the assets in accordance therewith. On July 16,
1895, appellant presented his petition praying that the decree
of June 30, 1894, be opened and amended by vacating so much
thereof as related to the distribution of the assets of the com-
pany. This petition having been referred to the same auditor
who had reported on the original petition, etc., he found as a
fact, from appellant's own testimony, "that he knew in a general
way that the company was intending to dissolve and reinsure
its members, and that he intentionally absented himself from the
meetings with the purpose of refusing to be bound by what
might be done, and intent to insist on his individual rights, as
opposed to those of his fellow members, and that his rights
have not in any way been injured by want of notice of the in-
tended action of the company."

Without referring in detail to appellant's testimony, it is suf-
ficient to say that the learned auditor was fully warranted in
finding therefrom as he did. For reasons given in his report,
the auditor recommended the dismissal of appellant's petition,
and his report was approved and confirmed by the court.

Without undertaking to defend the regularity of the proceed-
ings on the original petition, or undertaking to pass upon the
question whether appellant was entitled to the relief accorded
to the complainant in Lauman v. Lebanon Valley Railroad Co.,
30 Pa. 42, we are clearly of opinion that he lost whatever rights
he may have had in the premises by his laches in not attempt-
ing to assert and enforce them at the proper time. He had
ample opportunity to do so in the original proceedings before
the auditor. As we have seen, the transfer of the assets of the
Mutual Benefit Company was made by the officers of that com-
pany, in pursuance of the decree of June 30, 1894, and shortly
after said decree was entered. It was not until July 16 of the
following year that he first interposed any objection in court to
what had theretofore been done. Having thus purposely de-
layed action until the assets of the Mutual Benefit Company had
been distributed in accordance with the decree, and the relations
of his fellow stockholders had been substantially changed, it
was too late for him to ask that the decree of June, 1894, be

opened and amended by vacating so much thereof as related to the distribution of the assets of the company. To do so would be grossly unjust and inequitable.

Decree affirmed and appeal dismissed at appellant's costs.