## Nice Ball Bearing Co. *v.* Mortgage Building & Loan Association, Appellant.

Argued December 6, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Philip Sterling,* of *Sterling & Willing,* with him *Elias Magil,* for appellant.—Plaintiff's statement of claim will not support a judgment for plaintiff for want of a sufficient affidavit of defense because, as a shareholder neither assenting nor dissenting to a merger, plaintiff's cause of action is in equity and not at law: O'Rourke v. B. & L. Assn., 93 Pa. 308; Catsiff v. B. & L. Assn., 13 D. & C. 259; Palmer v. Building Assn., 101 Pa. Superior Ct. 370; Pottsville Bank v. Water Co., 211 Pa. 566; Murray v. Herrick, 171 Pa. 21.

The affidavit of defense is sufficient in its denial of the plaintiff's allegation that the stock was worth $94 per share: Ferrando v. U. S. Nat. B. & L. Assn., 307 Pa. 25.

*Andrew R. McCown,* of *Shields, Clark & McCown,* with him *John Randolph Young,* for appellee.—A stockholder of a corporation not assenting to the merger of the corporation with other corporations is entitled to receive from the merged corporation the value of his shares of stock, in cash, at the date of the merger: Lauman v. R. R., 30 Pa. 42; Barnett v. Market Co., 218 Pa. 649; Petry v. Electric Co., 280 Pa. 142; Ferrando v. B. & L. Assn., 307 Pa. 25; Malamut v. B. & L. Assn., 16 D. & C. 187.

This action was properly brought at law: Lanin v. B. & L. Assn., 15 D. & C. 310; Malamut v. B. & L. Assn., 16 D. & C. 188; Barnett v. Market Co., 218 Pa. 649.

*Joseph H. Sundheim,* for Pennsylvania League of Building and Loan Associations, as amicus curiæ, cited: Stetson's Est., 305 Pa. 62.

OPINION BY MR. JUSTICE SIMPSON, January 16, 1933:

Plaintiff was the owner of 400 shares of the stock in the 28th series of the Mortgage Building and Loan Association, hereinafter called the "old association," upon which it had paid in $114 per share, aggregating the sum of $45,600. It gave the usual thirty days notice of its intention to withdraw, and delivered, at the same time, a transfer of its certificate of stock; but before the thirty days had expired, the old association had merged with six other like associations, into a new building and loan association, also called the Mortgage Building and Loan Association, hereinafter designated as the "new association," and to it a charter was duly issued. By the merger, the old association ceased to exist, and all of its assets became vested in the new association. This rendered nugatory plaintiff's and all other pending notices of withdrawal given to the old association. The proceedings leading up to the merger were regular; but plaintiff, though notified of the meeting of the members of the old association for the purpose of voting on the

question as to whether or not it should be merged into the new association, did not appear at the meeting, nor did it vote for or against the merger, nor did it take any steps to prevent the merger. A few months later plaintiff sued at law to recover the value of his stock at the time of the merger, and claimed the right to measure that value by the appraisement of its value, specified by the department of banking as a condition of its assent to the merger, and accepted as correct by all the constituent associations. Judgment was entered for want of a sufficient affidavit of defense, the damages were assessed in the way claimed by plaintiff (that is, at $94 per share), and defendant appealed.

The argument here took a wide range,—due, doubtless, to the great stress under which all building associations are laboring in these days of universal depression—and hence it may be well to dispose preliminarily of some of the general objections made to this suit.

It was plaintiff's constitutional right to refuse to become a member of the new association, and hence not even a statute could take away that right: Lauman v. Lebanon Valley R. R. Co., 30 Pa. 42.

He had no absolute right to prevent the merger, however, but, if proceedings had been duly and promptly taken, he could have had it temporarily enjoined, until the new association paid to him, in cash, the actual value of his shares in the old association, or gave to him security to pay that value in cash within a reasonable time after the amount had been ascertained: Lauman v. Lebanon Valley R. R. Co., supra; Koehler v. St. Mary's Brewing Co., 228 Pa. 648; Maxler v. Freeport Bank, 275 Pa. 510; Ringler v. Atlas Portland Cement Co., 301 Pa. 176; Ferrando v. United States National B. & L. Assn., 307 Pa. 25. This was his constitutional right because his property interest in the old association was being taken from him without his consent.

He could not, after the merger had been completed, without any previous action having been taken by him,

obtain an order opening or setting aside the proceedings leading up to it: In re Mutual Benefit Co. of Penna., 190 Pa. 355. His only remedy was to proceed to recover the actual value of his stock, which could be obtained in an action at law: Lanin v. Salford B. & L. Assn., 15 D. & C. 310. There is no statute requiring plaintiff to go into equity where he seeks only a money judgment; to compel it, would do violence to the well settled distinctive line of demarcation between the two forms of procedure. A different rule might, of course, be applied if plaintiff, as a shareholder of defendant, was suing it (O'Rourke v. West Penn B. & L. Assn., 93 Pa. 308); but the suit was, as it was required to be, against the new association, of which plaintiff never was a member: Dalmas v. Phillipsburg & Susquehanna Valley R. R. Co., 254 Pa. 9.

In such a suit the recovery is not limited to the market value of the shares, but may be had for their "real, actual value." Petry v. Harwood Electric Co. (No. 1), 280 Pa. 142, 149; Ferrando v. U. S. National B. & L. Assn., supra. The burden of proving this is upon plaintiff; but where, as here, the association adopted the report of the Department of Banking as showing the correct value, and at that value his interest in the old association, represented by his stock, was taken from him, and the merger thus consummated, it would be inequitable, as regards him, to permit the consolidated association to show any less value: Petry v. Harwood Electric Co. (No. 1), supra; Ferrando v. U. S. National B. & L. Assn., supra.

Section 5 of the Act of May 29, 1901, P. L. 349, and section 5 of the Act of May 3, 1909, P. L. 408, apply only to the rights of members who attended the meeting, and voted against the merger; but even as to them do not give an exclusive remedy: Barnett v. Phila. Market Co., 218 Pa. 649. It is perhaps true that the rule laid down by section 13 of the Act of March 21, 1806, P. L. 558, 569, might have been applied in that case, and the remedy specified in those statutes held to be an exclusive one

(Stetson's Est., 305 Pa. 62, 66) ; but the decision in Barnett v. Phila. Market Co., supra, has become a rule of property, during the quarter of a century since it was announced, and cannot, at this late date, be altered except prospectively by legislation, which has not been had: Bickley's Est., 270 Pa. 101; Reed v. Geddes, 287 Pa. 274.

The Act of June 14, 1923, P. L. 778, does not apply to cases of merger, but only to those where "the Commissioner [now the Secretary] of Banking shall have taken over the affairs of any building and loan association to liquidate its affairs or to conserve its assets" and proposes "to return the affairs of such association to the stockholders thereof under a plan of reorganization approved by the Commissioner [now the Secretary] of Banking and the owners of at least seventy per centum of the stock thereof."

It is alleged by appellant, however, that the statement of claim is so badly drawn as to leave in doubt whether plaintiff is suing as a withdrawing stockholder, or as one not assenting to the merger. Of course he could not be a withdrawing stockholder of defendant association, since he had never been a stockholder in it. Nor could he enforce a claim as a withdrawing stockholder of the old association, since it was no longer in existence. Moreover, without considering whether or not that objection might avail under other circumstances, it suffices to say here that defendant's filing of its affidavit of defense to the merits, was an abandonment of its right to attack the regularity or sufficiency of the statement: Boyle v. Breakwater Co., 239 Pa. 577.

It is also urged that plaintiff's delay of seven months in bringing suit ought to estop it from proceeding after that date. If plaintiff was seeking to defeat the merger this would be so; but as plaintiff is only enforcing its constitutional right, the law is otherwise. All that need be said on that point will be found in Malamut v. Wilson B. & L. Assn., 16 D. & C. 188, 189, per Stern, P. J.

The principal controversy, however, was waged around the question of the amount plaintiff was entitled to recover. Defendant first avers that at the time of and prior to the merger, the old association "was in a state of insolvency in that after, deducting the sums due to its general creditors, it had not sufficient assets to pay back to its stockholders dollar for dollar the amount of their capital contributions, as established by a report thereof made by the Banking Department of the Commonwealth of Pennsylvania." It asserts that its conclusion, as above stated, is "based upon an official examination of the books of the association, and an appraisal of all assets in December, 1930, by competent appraisers" appointed by the department. An examination of the appraisal shows, however, that at that time the old association had on hand net assets worth $1,143,-833, and the capital contributions of all its stockholders aggregated $1,401,679. Assuming those figures to be correct, as appellant asserts they are, then plaintiff will get, at most, but little over its share of the assets on hand, for it had paid in $114 per share, and has recovered at the rate of $94 per share, and $^{94}/_{114}$ of $1,401,679 amounts to $1,155,770, which is only a little over one per cent beyond that which a strict arithmetical calculation would have justified it in receiving. It is not averred that the Banking Department had not a good reason for making this trivial allowance, and, in the absence of some clear-cut assertion to that effect, of which there is none, defendant, whose only right to exist was based on the acceptance of those figures of the department, cannot be heard to complain of them in this suit: Ferrando v. U. S. National B. & L. Assn., supra.

In a highly argumentative affidavit of defense, appellant makes the general statement that, in its opinion, "after payment of the amounts due to creditors, there would not remain funds and/or assets sufficient to pay shareholders of the 28th series [in which, before the merger, plaintiff was a member], on account of their

respective contributions to the capital of said association, a sum in excess of $10 per share." The courts are not interested, however, in appellant's opinion, especially where it is thus argumentatively expressed; in an affidavit of defense adequate facts to back up the opinion are required, and these have not been given. If this allegation were true, then instead of the actual value of the assets having been $1,099,110, as elsewhere in its affidavit defendant avers they were, they would only have been $112,954, or only about $\frac{1}{9}$ of the actual assets, since $\frac{10}{114}$ of $1,401,679 is that smaller sum.

It would, perhaps, be difficult to find a case in which the doctrine of Ferrando v. U. S. National B. & L. Assn., could be more wisely applied. Moreover, on the question of value, the case here is stronger for appellee than it was there. The agreement of merger here expressly provides that "the amount to be allowed and paid to withdrawing stockholders of the merged or consolidated corporation shall be ascertained, calculated and determined in accordance" therewith. That sum is stated to be $94 per share for this series, with 1½ per cent simple interest. True, plaintiff is not suing as a withdrawing stockholder, but this does not affect the value of the stock as thus ascertained, especially as "all debts, dues and liabilities of [the old association] not of record, shall thenceforth be assumed by and attach to" the new association. For this reason, and because also the reorganization by the State was for the express purpose of fixing figures regarding the stock in the seven merging associations, at which they could justly join together and operate as a new and solvent association, and as upon that basis defendant and all its shareholders, who entered into the merger, acted, plaintiff properly averred in its statement of claim that the value of its stock was, as shown by that agreement, $94 per share, but without interest. Defendant's opinions to the contrary, backed only by general and argumentative statements, would be insufficient to overcome plaintiff's mere averment of

value, even if it was not sustained by the facts above stated.

In addition to what it may have owed the public authorities, the old association, at the time of the merger, was indebted to those who were not and had not been stockholders. This indebtedness was paramount to anything due to former stockholders, whose indebtedness arose either by maturity of their stock or by a notice of withdrawal, the thirty days time limit of which had expired. It also was indebted to the latter class of withdrawing stockholders, and, perhaps, also to matured stockholders. These may be termed creditors, but their claims were subject to a possible readjustment of amount, under the circumstances and in the way specified in Sperling v. Euclid B. & L. Assn., 308 Pa. 143. It also had stockholders who had given notices of withdrawal, but the thirty-day time limit had not expired. As already stated, these notices became ineffective when the old association ceased to exist. It also had shareholders, some of whom agreed to and some of whom did not agree to the merger. The latter, like plaintiff here, had the right to have the value of their stock determined, and a judgment entered therefor against the new association. These, and the withdrawing stockholders, whose thirty-day time limit had expired, were in the same class, neither having preference over the other.

Only those who assented to the merger, together with others in like situation in the other six merging associations, became members of the new association, entitled to all its assets and to all profits subsequently made, subject (1) to debts due the public authorities; (2) to the creditors whose claims did not arise by reason of their having once been shareholders; and (3) to the creditors whose claims did thus arise. As to the second, the new association is bound to pay those liabilities in accordance with the terms of the particular obligations. As to the last, as we have already shown, the indebtedness to them is payable as soon as the amount is deter-

mined; but, in view of the relation, akin to a partnership, which once existed between all the shareholders, the court below, in the exercise of a sound discretion, may and should, upon the entry of appropriate security by the solvent new association, give to it, acting diligently, a reasonable time to make such payments. In determining what is a reasonable time, due consideration should be given to liabilities to the public authorities, accruing and to accrue; to the necessity for keeping the real estate belonging to the new association in such a condition as to preserve its value and to render it income-producing; and to the wisdom of strengthening the new association as an effective organization. Those are inclusive and not exclusive considerations; in particular instances, others, entitled to equal weight, may appear.

The judgment of the court below is affirmed, without prejudice to such further proceedings as may be taken in accordance with the views above set forth.