COMMONWEALTH OF PENNSYLVANIA, to
Use of NICE BALL BEARING CO.,
v. STERRETT et al.

NICE BALL BEARING CO. v. WIL-
LIAMS et al.

Nos. 5141, 5152.

Circuit Court of Appeals, Third Circuit.

Aug. 31, 1933.

Andrew R. McCown and John Randolph Young, both of Philadelphia, Pa. (Shields, Clark & McGown, of Philadelphia, Pa., of counsel), for appellants.

Grover C. Ladner, Harry Felix, and Felix & Felix, all of Philadelphia, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

Two appeals from decrees entered by the District Court are here involved. The one arose out of a petition of the commonwealth of Pennsylvania, to the use of the Nice Ball Bearing Company, in the matter of the ancillary receivership of the Union Indemnity Company, an insolvent corporation, for an order to show cause why a decree should not be issued requiring the ancillary receivers to deliver certain bonds, aggregating $45,000, to the petitioners. The other arose out of the petition of the receivers of the Mortgage Building & Loan Association, a corporation of Pennsylvania, for an order to show cause why a decree should not be entered directing the Tradesmen's National Bank & Trust Company to deliver the bonds to them. Upon the return of the rules to show cause, which were allowed in each case, the court entered a decree dismissing the petition of the commonwealth of Pennsylvania to the use of the Nice Ball Bearing Company, but granted the petition of the receivers of the Mortgage Building & Loan Association, ordered the bonds to be delivered to them, and directed them "to hold the same and to account for the same upon the filing of their account, without prejudice to the Nice Ball Bearing Company to renew its claim for said Bonds at the audit of the Receivers' account."

Appeals from the decrees were allowed in both cases, and the Nice Ball Bearing Company asks this court to reverse the decrees of the District Court and to enter a decree directing that the bonds be delivered to it immediately.

■ It appears that the Nice Ball Bearing Company owned 400 shares of stock in the Mortgage Building & Loan Association upon which it had paid in $114 per share. Wish-

ing to withdraw from the association, the Nice Company gave the usual 30 days' notice, but before the time expired that association merged with several building and loan associations. The merger rendered the notice of withdrawal of no effect.

**■** Evidently the old association had been in financial difficulties, and the merger was an attempt to save it. The Nice Company neither assented to the merger nor objected to it, but remained quiescent for some time. About seven months after the merger had been effected, the Nice Company brought a suit in the Court of Common Pleas No. 2, of Philadelphia County, Pa., against the receivers to recover the value of its 400 shares of stock at the time of the merger, claiming damages at the rate of $94 per share, which was the value placed upon the stock by the department of banking of Pennsylvania as a condition to the merger and accepted as correct by the merging associations. The court entered judgment for the Nice Company in the amount claimed for want of a sufficient affidavit of defense. On appeal, the Supreme Court of Pennsylvania affirmed the judgment of the Court of Common Pleas, stating in its opinion that the claim of the Nice Company was payable, "but in view of the relation, akin to a partnership, which once existed between all the shareholders, the court below, in the exercise of a sound discretion, may and should, upon the entry of approval secured by the solvent new association, give to it, acting diligently, a reasonable time to make such payments. In determining what is a reasonable time, due consideration should be given to liabilities to the public authorities, accruing and to accrue; to the necessity for keeping the real estate belonging to the new association in such condition as to preserve its value and to render it income producing; and to the wisdom of strengthening the new association as an effective organization. Those are conclusive and not exclusive considerations; in particular instances others, entitled to equal weight, may appear."

The Supreme Court accordingly entered its judgment without prejudice to such further proceedings as might be taken in accordance with the views set out in its opinion. Nice Ball Bearing Company v. Mortgage Building & Loan Association, 310 Pa. 560, 166 A. 239 (decided January 16, 1933).

When the building and loan association appealed to the Supreme Court, it, as principal, and the Union Indemnity Company, as surety, filed a bond as required by the law of Pennsylvania relating to supersedeas

on appeal. To be secure against loss, the surety required the association to deposit Liberty bonds of the value of $45,000 in escrow with the Tradesmen's National Bank & Trust Company, but before the Supreme Court rendered its decision the surety became insolvent; and immediately after the decision, the new association of merged building and loan associations also became insolvent, and the District Court on proper proceedings appointed receivers in both cases.

The Nice Company contends that it, as the judgment creditor of the new association, was entitled immediately to the benefit of the securities which the surety received from the association to indemnify it on appeal, and, as above stated, urges us to reverse the decrees of the District Court and direct the bonds to be immediately delivered to it.

The Supreme Court of Pennsylvania decided that the Nice Company was entitled to recover from the new merged association the amount due it for its 400 shares of stock valued at $94 per share, but that it had to give the association reasonable time under the circumstances to pay it. Upon the insolvency of the new association, the Nice Company says that it was entitled to have the bonds immediately applied to the payment of its judgment. The learned District Judge, while not denying the claim of the Nice Company to the bonds, ordered them delivered to the receivers of the new association pending the audit of their account, when the entire matter would be adjudicated. The effect of his decrees was not to deny the substance of the claim of the Nice Company, but simply postponed it until he had all the facts and questions involved in the receivership before him. In thus refusing to pass upon the questions by piecemeal and not as a whole, we cannot say that he erred, but think that he used wise discretion. This is true whether the Nice Company contends a reasonable time for the payment, as required by the judgment of the Supreme Court of Pennsylvania, by which it is bound, had expired, or that a new condition arose with the insolvency of the new association which rendered it unnecessary to give the reasonable time for payment.

**■** Further, it is a familiar rule that a judgment or decree, to be appealable, must be not only final, but complete as to all the parties, as to the whole subject-matter, and as to all the causes of action involved. Collins v. Miller, 252 U. S. 364, 40 S. Ct. 347, 64 L. Ed. 616; Rector v. United States, 20

F.(2d) 845 (C. C. A. 8). The decrees appealed from were not final within the meaning of this rule, and so the appeals are dismissed.