Hall *v.* Greater Adelphi B. & L. Assn., Appellant.

Argued November 15, 1933.

Before Trexler, P. J.,
Keller, Cunningham, Baldrige, Stadtfeld, Parker
and James, JJ.

*Wayne P. Rambo,* and with him *J. Channing Ellery,*
*Robert Mair* and *Ormond Rambo,* for appellant.

*J. Webster Jones,* for appellee.

Opinion by Cunningham, J., March 16, 1934:

The action below was assumpsit, instituted by plaintiff to recover $3,120, the alleged value of certain free

shares of stock held by him in the Co-operative Building and Loan Association of Philadelphia, subsequently merged along with the Adelphi Building and Loan Association into Greater Adelphi Building and Loan Association, defendant below and appellant herein. Upon the pleadings, consisting of an amended statement of claim and an affidavit of defense, plaintiff took a rule for judgment as to such part of his claim as he contended was admitted in the affidavit of defense, namely, $1,085; after argument, the court below made the rule absolute and entered judgment for that amount, with leave to proceed for any other amount that may be due. This appeal is by the defendant association from the judgment so entered.

Uncontroverted facts may be thus epitomized: In 1921, plaintiff acquired five shares in the twenty-ninth series of the Co-operative Building and Loan Association, and in 1923, twenty shares in its thirty-third series. All amounts due on these shares up to January 31, 1932, were paid. Some time during January, 1932, the Department of Banking directed that all payments made on free shares of stock in the Co-operative Building and Loan Association be segregated, and, in the following March, ordered that it either liquidate or consolidate with some other association. Effective March 31, 1933, the consolidation was made. Plaintiff voted against the merger and under date of January 26, 1933, gave the following written notice to Co-operative Building and Loan Association: "As a dissenting stockholder to the present merger, I hereby withdraw all my shares and ask that prompt payment be made."

Plaintiff averred in his statement that the value of his twenty-five shares of stock, as of January 31, 1932, was $2,820, as shown by the annual report of Co-operative Building and Loan Association for the year ending on that date, a copy of which was attached

to the statement. Further averments were to the effect that from and after the orders of the Banking Department all dues paid in by plaintiff and others were segregated and held in a special account by the Co-operative Building and Loan Association and that plaintiff paid into that fund the sum of $300 as dues upon his shares. In addition to the above quoted notice of January 26, 1933, plaintiff, under date of March 3, 1933, demanded as "first payment of the withdrawal value of [his] shares" this sum of $300.

The principal controversy, as disclosed by the pleadings, is whether plaintiff is entitled to recover the withdrawal value, as shown by the annual report for the year ending January 31, 1932,—$2,820—plus the $300 paid into the special fund subsequent to that date, making a total of $3,120, as claimed by him, or only the paid-in value of his shares as designated in the merger agreement.

With respect to the payments made by plaintiff subsequent to the order to segregate, it is averred in the affidavit of defense that although there was no legal authority for the order of segregation all sums paid in on free shares after its date were, in fact, segregated in a special account and were fully considered in determining the value per share fixed in the merger agreement.

Plaintiff's averments to the effect that his shares had a value as of January 31, 1932, of $2,820, are contained in the fifth and sixth paragraphs of his statement. In the corresponding paragraphs of the affidavit it was stated, "that the assets of the association were appraised by competent, expert and disinterested appraisers, as of March 31, 1933, the date the merger agreement became effective, which appraisers made a fair and proper appraisement of the assets of the Co-operative Building and Loan Association," and that under such appraisement each of the

five shares of plaintiff in the twenty-ninth series had a value of $56.30, "which by the terms of the merger agreement gave a paid-in value of forty-nine ($49) dollars a share or a total paid-in value of two hundred and forty-five ($245) dollars" as against the amount of $660 claimed by plaintiff; and that each of the shares in the thirty-third series had a value of $46.92, which, under the terms of the agreement, gave a paid-in value of $42 a share, or a total of $840, as against the $2,160 claimed by plaintiff. The receipt of plaintiff's letters of January 26 and March 3, 1933, is not denied in the affidavit but it is averred that he continued as a stockholder, director, and vice-president of the association up to the time of merger, and by so doing became entitled to receive only the value of his shares as of the date of merger.

The twenty-fifth paragraph of the affidavit contains the following averment: "Deponent denies that the Greater Adelphi Building and Loan Association has refused and continues to refuse to pay the said plaintiff the amount due him for his shares, but, on the contrary, has continuously been willing to pay to him in full settlement the value of his shares as per the merger agreement, which value is hereinbefore set forth, but plaintiff has been unwilling to accept the value of his shares and continuously demands sums far in excess thereof."

In the next paragraph an effort is made to qualify this positively expressed willingness to pay the admitted value of plaintiff's shares by averments to the effect that he was a director and vice-president, as well as a stockholder, and advocated either a sale of the assets of the co-operative association or its merger, without giving any intimation that he would withdraw in case a merger should be arranged. The assertion is made that plaintiff is not entitled to judgment for any amount because its entry would give

him an advantage over the stockholders who assented to the merger and, under its terms, cannot withdraw for a period of two years thereafter.

The court below in an opinion by McDevitt, P. J., entered a summary judgment in favor of plaintiff for the paid-in value as fixed by the merger agreement— $1,085.

Relying upon the general principle that a director of a corporation stands in the relation of a trustee for the entire body of stockholders and, therefore, cannot be permitted to take any unfair advantage of them, counsel for appellant contend that "a jury [should be allowed] to determine whether or not the plaintiff is acting in good faith, or whether his conduct was of such a nature that he is estopped from withdrawing from the association at this time." Their argument seems to be that the allegations in appellant's affidavit amount to a charge, which, for present purposes, must be accepted as true, that plaintiff misled and deceived his fellow-stockholders by advocating the merger and, when it was about to be effected, suddenly giving notice of his withdrawal.

We are not persuaded that appellant has presented any valid reason, either in its affidavit or by the argument of its counsel, against the entering of the judgment appealed from. It does not follow, however, that he is presently entitled to collect it; some of the matters now urged upon us may be proper for the consideration of the court below if an application should be made to it to control execution of the judgment.

The relationship of stockholders in a building and loan association to each other is akin to that of partners. Stockholders in the old association who assented to the merger became members of the new association, and the latter became liable for the valid debts of the former. Any stockholder, of the co-

operative association, whose notice of withdrawal had expired and who had not assented to the merger, is entitled to have a judgment against the new association for the properly ascertained value of his shares. But the order of payment by the new association must be: (1) To debts due the public authorities; (2) to creditors whose claims did not arise by reason of their having once been shareholders; and (3) to creditors whose claims did thus arise. Any indebtedness to public authorities and to those who had never been stockholders is paramount to anything due former stockholders whose claim arose either by maturity of their stock or by withdrawal: Nice Ball Bearing Co. v. Mortgage Building and Loan Association, 310 Pa. 560, 166 A. 239.

We have no doubt the court below will so control the collection of this judgment that plaintiff will not be permitted to gain any advantage over any class of creditors having paramount rights, or over any member, or members, of the class to which he belongs.

Judgment affirmed.