## Gerstell v. Allentown Portland Cement Company

224

*D. B. Skillman*, for plaintiff.

*Weaver & Weaver*, for defendant.

HENNINGER, P. J., January 22, 1963.—This matter comes to our attention through preliminary objections to a pleading captioned "Petition filed under Section 2852-515F of the Pennsylvania Corporation Law."

The petition sought to institute an action whereby petitioner, after reciting the facts, asks us (1) to declare a merger of corporations void, *or* (2) to fix the value of the stock of a stockholder dissenting to the merger.

The facts as gathered from the petition and from a stipulation filed by the parties are that petitioner is the registered owner of 115 shares of the common stock of Allentown Portland Cement Company (hereinafter designated as Allentown), a corporation whose registered office is in the City of Allentown, Lehigh County,

Pennsylvania; that National Gypsum Company (hereinafter designated as National), a Delaware corporation, having its principal office in Buffalo, New York, had by offering .505112 of its stock for each share of Allentown stock, acquired 99.7 percent of the Allentown stock before April 5, 1961; that on April 27, 1962, Allentown notified its stockholders of a meeting to be held in Buffalo on May 10, 1962, to act upon a merger proposed with National, which notice stated that National proposed to pay each Allentown stockholder $30 per share, which shares would upon merger be cancelled; that petitioner thereupon presented his certificates as provided in section 515B of the Business Corporation Law of May 5, 1933, P. L. 364, as amended, 15 PS §2852-515B; that a merger agreement was filed with and approved by the Secretary of the Commonwealth of Pennsylvania on May 31, 1962, of which petitioner was given notice by National on June 25, 1962, repeating the offer of $30 per share, and that on August 1, 1962, petitioner made demand on National under section 515F of the same act and received no response.

National filed preliminary objections:

1. Raising the question of jurisdiction because it was not made a party, because Allentown is out of existence, service on the assistant treasurer of Allentown is improper and the procedure does not comply with the terms of the Business Corporation Law, and because there is no right to plead in the alternative under section 515K of the Business Corporation Law;

2. A motion to strike because the petition fails to conform to Pennsylvania Rules of Civil Procedure 1007, 1018 and 1019(a);

3. The procedure was begun too late.

There is no doubt in our mind that the proceeding was instituted too late, September 28, 1962, for us to consider an attack upon the merger. In Nice Ball Bearing Co. v. Mortgage Building & Loan Association, 310 Pa. 560, it is stated (p. 564):

"He could not, after the merger had been completed, without any previous action having been taken by him, obtain an order opening or setting aside the proceedings leading up to it: In re Mutual Benefit Co. of Penna., 190 Pa. 355. His only remedy was to recover the actual value of his stock, which could be obtained in an action of law . . ."

To the same effect is Oechsle v. Lodge Building & Loan Association, 119 Pa. Superior Ct. 597, 602, and Malamut v. Wilson Building & Loan Association, 16 D. & C. 187, 189.

Plaintiff's pleadings show that he had notice of the meeting; that that notice showed the proposed treatment of stockholders; that he deposited his shares as required of a stockholder wishing to be treated as a dissenting stockholder; that he received notice of the proposed stockholders' meeting on April 27, 1962, of a meeting to be held May 10, 1962; that he received notice on June 27, 1962, that the merger was effected May 31, 1962, and that on August 1, 1962, he demanded that National institute proceedings to value his shares.

On this state of facts he is clearly estopped from coming into court on September 28, 1962, to have the merger declared invalid. See cases above cited.

This case is complicated by plaintiff's insistence that because, as he believes, the purpose of the merger was to freeze out fringe stockholders, no merger took place and, therefore, Allentown is still in existence and can be reached without recourse to National, that is, to reach Jonah without disturbing the whale. This is assuming the invalidity of the merger in the very proceeding in which he seeks to determine whether or not it is valid.

The merger is an accomplished fact which cannot be ignored. Plaintiff has cited Farris v. Glen Alden Corp., 393 Pa. 427, to the effect that we are not bound by the name given to corporate action and that to accomplish

what is, in fact, a merger, the procedure for a merger must be followed. It is to be noted that in that case court action was instituted and service had upon the corporation in which plaintiff was a stockholder, *before* the contemplated corporate action was either authorized or consummated.

As we read plaintiff's complaint in this case, he states as to the merger (1) that it was contemplated with the purpose of freezing out the .3 percent of stockholders outstanding and (2) because that group was not given a *share* in the merged corporation, the proposed merger is invalid.

If the procedure for merger was followed, the motive of stockholders in voting for merger is irrelevant. While directors, as such, occupy a trust relationship toward all stockholders, the stockholders owe no such duty toward each other. Dissenting stockholders must look to the law allowing them the market value of their shares as their protection against fellow stockholders who no longer desire to continue the corporation as a separate entity.

The rights given by law to dissenting stockholders also answer plaintiff's contention that the merger terms are confiscatory. We have no facts upon which to determine the truth of that charge. Whether or not $30 per share is the fair equivalent of .505112 of a share of National previously offered or whether it represents the full market value of an Allentown share prior to merger, we cannot say. In fact, petitioner does not aver that the $30 per share offered is less than the full market value of each share he owns.

Petitioner is proceeding upon the theory that for a merger to be valid, a stockholder in each merging corporation must be given the opportunity to become a stockholder in the emerging corporation. This is not the case. Section 902A of the Business Corporation Law of 1933, 15 PS §2852-902A, provides that shares

of merging corporation may be converted into ". . . shares or other securities or obligations of the surviving or new corporation . . ."

It is true that the words "other securities or obligations" do not aptly describe cash, but they would include an obligation payable at once and, therefore, immediately dischargeable in cash. The significance of the quoted words is that the surviving corporation need not take in as shareholders, the shareholders of all the merging corporations. The provisions for redemption of the shares of dissenting shareholders amply protect them in the value of their investment.

We need not determine compliance of petitioner's pleadings with the Pennsylvania Rules of Civil Procedure, because we believe that the venue for petitioner's claim for valuation of his stock is not in our jurisdiction.

Section 515F of the Business Corporation Law specifies that a petition for valuation shall be filed ". . . in the court of common pleas in the county in this State where the registered office of the corporation [the surviving corporation—see Section 515D] is located. . . ."

The next sentence provides that if the surviving corporation ". . . is a foreign corporation *without a registered office in this State,* such petition shall be filed in the county where the registered office of the domestic corporation was last located, which county shall be deemed to be the county where the cause of action arose and all process shall be served upon such foreign corporation as provided in section 1011 of this act . . ." (Italics supplied.)

The section (515F) goes on to provide that "If the corporation has not instituted the proceedings as herein provided, any dissenting shareholder may do so *in the name of the corporation* at any time within thirty days after the expiration of such ninety day period . . ." (Italics supplied.)

We find then that venue for determining the value of the shares of a dissenting shareholder is in the court of the county of the registered office of the surviving corporation, and that venue in the county of the last registered office of the domestic corporation is an alternative only when the surviving corporation is a foreign corporation without a registered office in this State.

Article 1 of the articles of merger, which became a part of the facts in this case by stipulation, states that National has a registered office at 123 South Broad Street, care of C. T. Corporation System, Philadelphia 9, Pennsylvania. The existence of this registered office, technical though it seems from its title, in our opinion, prevents the alternative venue from coming into being.

The provisions for service upon the Secretary of the Commonwealth as provided in article 5 is irrelevant because that is a mandatory provision when a foreign corporation is the surviving corporation in a merger. See section 903(6) of the Business Corporation Law, 15 PS §2852-903.

Application by the dissenting shareholder rather than by the corporation does not change the venue, because the dissenting shareholder brings his action in the name of the corporation. In any event, service upon the assistant treasurer of Allentown is not proper service upon National for we do not know whether or not he is an officer of National. Section 1011 of the Business Corporation Law, 15 PS §1011, referred to in section 515F, provides for service through the Secretary of the Commonwealth. Service at National's registered office would also suffice.

Since we must dismiss the petition for reasons of jurisdiction and venue, we need not decide whether petitioner has lost his rights by failing to take any requisite prior steps. Suffice it to say that courts have dealt leniently with dissenting stockholders: Oechsle v. Lodge

B. & L. Assn., supra; Duddy v. Conshohocken Printing Company, 163 Pa. Superior Ct. 150, 154.

Now, January 22, 1963, the preliminary objections of National Gypsum Company relating to the jurisdiction of the court are sustained, and plaintiff's petition is dismissed without prejudice to his right to institute proceedings for the valuation of his shares of stock in Allentown Portland Cement Company in the Court of Common Pleas of Philadelphia County.