# McCalla *versus* Ely.

1. A mortgage dated in 1839 was "to pay $5000 lawful silver money with lawful interest." Judgment for the amount due "in lawful silver money of the United States" was proper.

2. A mere agreement that such mortgage should be paid in legal tenders was without consideration.

3. Interest is to be paid in the same kind of money as the principal.

4. Unless the contrary is expressed, interest is a mere portion of the principal debt.

[McCalla *v.* Ely.]

February 15th 1870. Before READ, AGNEW, SHARSWOOD and WILLIAMS, JJ. THOMPSON, C. J., at Nisi Prius.

Error to the District Court of *Philadelphia:* No. 63, to January Term 1870.

This was a scire facias sur mortgage, issued July 3d 1869, by William Ely, assignee, &c., against Edwin H. McCalla, administrator, &c., of W. L. Stickney, deceased, with notice to the terretenants.

The mortgage and the bond accompanying it were dated in February 1839 ; the bond was conditioned for the payment of " $5000 lawful silver money of the United States, on February 26th 1840, together with lawful interest for the same, to be paid half-yearly." McCalla himself became the owner of the land covered by the mortgage in January 1869. On the 17th of September 1869, McCalla, as terre-tenant, filed an affidavit of defence, " that he purchased said property at sheriff's sale in January last, subject to a mortgage of $5000. That the interest on said mortgage had been paid and received in legal tender notes of the United States for several years before his said purchase, and that shortly after his purchase he received a note from the plaintiff's attorney, that payment must be made of the principal. That on the 25th day of January last, he paid to plaintiff's attorney the six months' interest which fell due on January 1st 1869, by a check upon the Western National Bank, which was paid in legal tender notes, and obtained his receipt for said six months' interest. That he asked for delay in the payment of the principal, which was granted till May ; and it was understood and agreed that the principal should then be paid in legal tender notes, and that no demand for silver or specie was then made or any intimation that it would be required."

A rule for judgment for want of a sufficient affidavit of defence was made absolute, and the debt was assessed, September 21st 1869, at $5216.66 " lawful silver money of the United States."

On a writ of error by the terre-tenant, the error assigned was that the judgment was entered " in silver money," &c., and not generally.

*W. E. Whitman,* for plaintiff in error.—There was no condition to pay the interest in silver. When there is no kind specified the debtor may elect : Bronson *v.* Rodes, 7 Wallace 229.

*Gendell* and *E. S. Miller,* for defendant in error.—The defendant having bought subject to the mortgage, became personally liable : Campbell *v.* Shrum, 3 Watts 60 ; Blank *v.* German, 5 W. & S. 36 ; Woodward's Appeal, 2 Wright 322 ; Burke *v.* Gummey, 13 Id. 518. The attorney at law has no authority to compromise his client's case : Stokeley *v.* Robinson, 10 Casey 315.

[McCalla *v*. Ely.]

An agreement to accept a smaller sum in satisfaction of a larger, is void : Cumber *v*. Wane, 1 Strange 426.   One executory agreement cannot be substituted for another, unless the security be of a higher degree.   Mere readiness to perform, or even tender of performance, is insufficient : Diller *v*. Brubaker, 2 P. F. Smith 504 ; Keen *v*. Vaughan, 12 Wright 477 ; Blackburn *v*. Ormsby, 5 Id. 97 ; Reed *v*. Martin, 5 Casey 175.

The opinion of the court was delivered, February 28th 1870, by
SHARSWOOD, J.—The plaintiff in error did not allege in his affidavit of defence in the court below that he assumed a personal liability for the mortgage-debt in legal tender notes.   If he had there might be something in the argument, that the terms of the original mortgage were changed by an agreement on sufficient consideration.   Even then it may well be doubted whether an attorney at law could bind his client by such an engagement.   All that, is said is " that he asked for delay, which was granted till May, and that it was understood and agreed that the principal should then be paid in legal tender notes."   The subject was the mortgage which was payable in silver, and upon the true construction of the affidavit, the agreement was that the mortgage should be payable in legal tender notes, not that the terre-tenant would personally pay it.   This was clearly without any consideration.

According to the principle of Bronson *v*. Rodes, 7 Wallace 229, the judgment of the court for the principal in lawful silver money of the United States in the terms of the mortgage was right.   And that the interest must be in the same kind of money as the principal is very plain.   Lawful interest is six per centum of the principal in whatever money the principal is payable, for it follows the principal as the shadow does the substance. . Instead of the rule being that the interest must be made payable " in like lawful money," though those words are sometimes introduced *ex majori cautela*, it is evident that unless the contrary is expressed it is a mere proportion of the principal debt.

Judgment affirmed.