## Reliance Building and Loan Association Case.

316

Argued May 7, 1940.

Before KEL-
LER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
RHODES and HIRT, JJ.

*Horace Thomas, Jr.,* with him *George J. Mallen,*
Special Deputy Attorneys General, *Orville Brown,*
Deputy Attorney General and *Claude T. Reno,* At-
torney General, for appellant.

*James L. Poth,* for appellee, was not heard.

OPINION BY HIRT, J., July 19, 1940:
Reliance Building and Loan Association borrowed

$17,600 on its note from appellee bank. This note was unpaid on December 10, 1937 when the Secretary of Banking took possession of the association for the purpose of liquidation. Admittedly the assets of the building and loan association in liquidation are more than sufficient to satisfy outside creditors in full but insufficient in addition, to return to shareholders the full value of their shares. In the distribution account of the receiver interest was allowed only to the date the receiver took possession of the insolvent association. The question involved is whether, under the circumstances, interest accruing during receivership shall be allowed on the undisputed claim of appellee, a general creditor.

The "Department of Banking Code" of 1933, P. L. 565, as amended, 71 PS §733, §1011 B, sets forth "the order and preference followed by the secretary in the distribution, pursuant to the provisions of this act, of the assets of any building and loan association the affairs of which he as receiver is liquidating:...... [With the first and second preferred classes we are not concerned.] Third. Any claim of a creditor of the association, other than the claim of a shareholder arising from his ownership of shares; Fourth. Any claim of a shareholder, whether or not reduced to a judgment, arising from his ownership of shares......" The above subsection B is silent on the question of the allowance of interest on creditor's claims, but subsection A, of §1011 of the same code (which however, applies to institutions other than building and loan associations), denies interest to depositors in closed banks accruing after the date of taking possession by the Secretary of Banking. Appellant argues that because interest is denied a depositor in a closed bank there is stronger reason for the denial of interest to a general creditor of a building and loan association, in that a creditor's claim, on general principle, is in fact of lower dignity

than that of a depositor in a bank. However, in *Guardian Bank and Trust Co. Case*, 330 Pa. 411, 199 A. 171, the Supreme Court made it clear that the language of subsection A, and that language alone, deprived depositors in closed banks of interest accruing during the period of liquidation. Therefore, the failure of the legislature to deny interest to creditors of building and loan associations, leaves that question to be determined by established principles, since this code is in derogation of the common law and must be strictly construed. *Glenwood-Progressive B. & L. Assn. Case*, 129 Pa. Superior Ct. 249, 195 A. 766.

A clear statement of the rule governing the allowance of interest appears in *American I. & S. Mfg. Co. v. Seaboard A. L. R. Co.* [233 U. S. 261], quoted with approval by our Supreme Court in *Mortgage Bldg. and Loan Assn. Case*, 334 Pa. 81, 5 A. 2d 342. " 'As a general rule, after property of an insolvent is in *custodia legis* interest thereafter accruing is not allowed on debts payable out of the fund realized by a sale of the property. But that is not because the claims had lost their interest-bearing quality during that period, but is a necessary and enforced rule of distribution, due to the fact that in case of receiverships the assets are generally insufficient to pay debts in full. If all claims were of equal dignity and all bore the same rate of interest, from the date of the receivership to the date of final distribution, it would be immaterial whether the dividend was calculated on the basis of the principal alone or of the principal and interest combined ...... For that and like reasons, in case funds are not sufficient to pay claims of equal dignity, the distribution is made only on the basis of the principal of the debt. But that rule did not prevent the running of interest during the receivership; and, if, as a result of good fortune or good management, the estate proved sufficient to discharge the claims in full, interest as well

as principal should be paid.' And again: 'Principal as well as interest, accruing during a receivership, is paid on debts of the highest dignity, even though what remains is not sufficient to pay claims of a lower rank in full.' " That interest does not cease upon the appointment of a receiver *ipso facto* is also shown by *Scott v. Morris,* 9 S. & R. 123; *Shultz's Appeal,* 11 S. & R. 182; *Estate of the Bank of Penna.,* 60 Pa. 471.

The fallacy of appellant's position lies in the assumption that the claim of a shareholder arising out of his ownership of stock is "of equal dignity" with the claim of an outside creditor to interest during receivership. Shareholders "are not creditors in the ordinary sense; they are really partners in the enterprise, and their rights are very different from those of persons whose claims are based wholly on outside transactions": *Malis v. Homer Building & Loan Assn.,* 314 Pa. 321, 171 A. 570. They are the owners of the building and loan association and for that reason their right to share in the company's assets is subject to the prior satisfaction of the company's debts. By *Sharps v. Homer B. & L. Assn.,* 111 Pa. Superior Ct. 556, 170 A. 353, and the authorities there cited, it may be regarded as settled that "In the liquidation and winding up the affairs of such associations the courts will see to it that in enforcing his rights against the association no person whose claim arose by reason of his being a shareholder should be permitted to prejudice the superior rights of creditors who are preferred to him." Any other conclusion would be anomalous. As owners of the association the shareholders have a voice in its management, and they who direct its policies and share the profits must also bear the losses to the extent of the value of their shares.

The rule is that the principal of a claim cannot be placed on a different footing from the interest accruing thereon. In *Com. v. Flowers,* 320 Pa. 73, 181 A. 485, the

Supreme Court said: "The interest lawfully accruing upon each of the claims was as much a part of it as the original debt. The creditor had the same right to the payment of the one as of the other......Interest, in its very nature, is but an incident of a debt, and therefore partakes of its kind; and when detached from the principal becomes itself a debt." (Citing cases.) As Mr. Justice SHARSWOOD aptly said in *McCalla v. Ely*, 64 Pa. 254: "Lawful interest......follows the principal as the shadow does the substance."

For these reasons the claim for interest to the date of payment of the principal must be allowed in full.

Order affirmed at the costs of appellant receiver.