Commonwealth ex rel. Woodside *v.* Seaboard
Mutual Casualty Company, Appellant.

Argued November 15, 1963. Before BELL, C. J., MUS-MANNO, JONES, COHEN, O'BRIEN and ROBERTS, JJ. Judgments reversed on January 21, 1964.

Petition for reargument granted on March 9, 1964. Reargued March 18, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused July 31, 1964.

*Seymour A. Sikov,* with him *Wirtzman, Sikov and Love,* for appellants.

*Cecil P. Harvey,* with him *Paul Silverstein,* Insurance Commissioner, for appellee.

OPINION BY MR. JUSTICE MUSMANNO, June 1, 1964:

Amedeo Scarpino and Frank Paradiso were injured while riding in a taxicab belonging to the Peoples Cab Company, in Pittsburgh. They sued the cab company and on February 11, 1952 and February 31, 1952, respectively, received verdicts in the sums of $10,000 and $9,000.

The Seaboard Mutual Casualty Company, insurers of the cab company, went into liquidation and on December 20, 1951, the Court of Common Pleas of Dauphin County issued an order enjoining and restraining all persons from instituting or prosecuting an action at law or in equity against it.

On April 21, 1952, the Insurance Commissioner of Pennsylvania informed the plaintiffs that he had received their claims against Seaboard. Later the plaintiffs were advised that they had been allotted $100 each on their claims. The plaintiffs protested this decision whereupon the statutory liquidator of the insurance company held a hearing at which he awarded Scarpino $1,000 and Paradiso $1,500. The plaintiffs excepted to the liquidator's findings and appealed to the Court of Common Pleas of Dauphin County. The Dauphin County Court affirmed the statutory liquidator's awards, stating (1) that the judgments of the Court of Common Pleas of Allegheny County were not binding on the statutory liquidator and (2) that the claims of the plaintiffs were exaggerated.

The court in support of its decision pointed out that its order of December 20, 1950, enjoined and restrained "all persons from instituting or prosecuting any action at law or in equity or any attachment or execution against the said company (Seaboard)."

It pointed out also that the order stated "that all persons having claims against Seaboard Mutual Casualty Company shall file proof thereof with the Insurance Commissioner of the Commonwealth of Pennsylvania not later than July 1, 1952, or they shall thereafter be barred as claimants against any assets in the hands of the Insurance Commissioner."

But the plaintiffs did not violate either of these provisions. Their lawsuits were against the Peoples Cab Company, not Seaboard, and they filed their claims against Seaboard within the time announced by the Dauphin County court.

The Dauphin County court cited *Com. ex rel. v. Union Casualty Insurance Co.*, 287 Pa. 6, as authority for its decision. That case is easily distinguished from the one at bar. In the *Union Casualty* case the claimants *pursued their litigation against the dissolved company. In the present case the claimants at no time proceeded against the dissolved company as such.* They sued the Peoples Cab Co., which was responsible for their injuries. The restraining order of December 20, 1951 in no way legally impeded the plaintiffs since they did not prosecute any claim against the company specified in the order.

In addition, the claimants in the *Union Casualty* case did not file their claims until six years after the cut-off date announced by the statutory liquidator.

Once the plaintiffs obtained their judgments against the Peoples Cab Company, they had the right to collect on those judgments by writ of attachment against the assets of Seaboard because of that company's policies of insurance with the Peoples Cab Company. In

fact, Seaboard admits this in its brief, interposing only the argument that since the restraining order had been entered before the plaintiffs obtained their judgments, the judgments were not conclusive against Seaboard. Here it must be stated again that the *restraining order did not restrain any action against the Peoples Cab Company,* nor did it intend to do so.

Seaboard concedes that the amounts of the judgments would have been binding on Seaboard if the plaintiffs had been able to proceed by writ of attachment against Seaboard. Since, however, the plaintiffs could not do this (it being prohibited by the restraining order) they were required to submit their claims, now reduced to judgments, to the Insurance Commissioner, which they did. This procedure in no possible way detracted from the binding effect of the judgments. The plaintiffs abided by the restraining order and promptly submitted to the Insurance Commissioner the judgments they had obtained against Seaboard's insured.

The appellee argues that the hearings before the court of common pleas in the original trespass actions were incomplete. There is nothing in the record to support such an argument. The common pleas judgments stand unimpeached and even unattacked. Thus, they should have been honored by the statutory liquidator in the full amounts they represented.

No one will be legally injured by the acceptance by the statutory liquidator of the amounts of the judgments. He could not impose a degree of proof higher than that demanded in a court of law. He cannot possibly act as an appellate tribunal over a decision of a court of common pleas, a decision, reduced to judgment, against the Peoples Cab Company, and not Seaboard.

The judgments brought before the statutory liquidator in this case can be likened to a judgment brought

before the orphans' court in proceedings involving a decedent's estate. It could not be argued there that the orphans' court would have authority to relitigate the common pleas judgment. In *Com. to use v. Easton Trust Co.,* 347 Pa. 162, 164, we said: "And when such judgment is obtained in the court of common pleas, it is conclusive in the orphans' court."

A fortiori, a judgment obtained in the court of common pleas is conclusive in any proceeding before the Insurance Commissioner. "A judgment recovered against an insured by an injured party is conclusive on the issues there determined in a subsequent proceeding by the injured party or by the insured against the insurance carrier for indemnity, providing the carrier had notice of the suit and an opportunity to defend . . ." (*Renschler v. Pizano,* 329 Pa. 249.)

The carrier here not only had notice of the suit and an opportunity to defend, but it actually entered an appearance for the Peoples Cab Company and then later withdrew its appearance.

The fact situation in the present case may be similarized to the one in the case of *Riehle v. Margolies,* 279 U.S. 218. In that case receivership proceedings were pending before a Federal court with regard to a corporation which had been named as a defendant in a lawsuit in a State court. The State court did not stay its proceedings because of the receivership proceedings. When the State judgment was presented in the Federal court, the argument was made that the judgment was not conclusive. The Supreme Court of the United States said: "The sole question involved there was the existence and amount of Margolies' claim against the corporation and the sole question involved here is the proof of that claim. There is no inherent reason why the adjudication of the liability of the debtor in personam may not be had in some court other than that which has control of the res. It is only necessary that

in receivership proof of the claim be made in an orderly way, so that it may be established who the creditors are and the amounts due them . . . . But there is no reason why the character of the proof required in the receivership suit for any purpose should be different from that which would have been required had the judgment in the state court been rendered prior to the appointment of the receiver; or from that which would be required if an independent suit on the judgment were brought in the federal court. It would hardly be doubted that a final judgment, recovered in a state court prior to the commencement of the receivership suit, would establish conclusively the existence and amount of the claim against the debtor, if later a decree were entered in the federal court distributing funds in the receiver's hands among its creditors. . . . The fact that neither the Company nor the receiver undertook to defend in the state court is, in this connection, immaterial."

So, here also, the only effect of the liquidation of Seaboard was to control the plaintiffs' manner of action against Seaboard on the judgments obtained against Peoples Cab. The judgments represented the amounts for which Seaboard would have been liable if liquidation had not intervened; the liquidation only affected the mode and manner of payments of the judgments by Seaboard but did not and could not affect the amounts for which Seaboard was liable. Those amounts were ascertained in an action against Seaboard's insured by a court, which was not and could not be ousted of its jurisdiction to proceed to final judgment because of the institution of liquidation proceedings against the insurance company involved. The finality of those judgments was in no way weakened by the fact that the insurance company did not continue the defense of the negligence cases against their insured.

The judgments were proper judgments against Seaboard's insured; Seaboard as insurer was responsible for the amounts of the judgments even though payment thereof was now to proceed through the liquidation proceedings and not by writ of attachment.

The conclusion is inevitable that the insurance carrier was required to acknowledge the judgments obtained in the court of common pleas against Peoples Cab Co. as conclusive of the amounts of the plaintiffs' claims against Seaboard as insurers of Peoples Cab. The lower court, therefore, erred in holding that judgments were not to be controlling and requiring the plaintiffs to prove anew claims which had been properly adjudicated to final judgment in a court of competent jurisdiction.

Judgments reversed.

Mr. Chief Justice BELL dissents.

---

DISSENTING OPINION BY MR. JUSTICE COHEN:

Prior to the date of the order of dissolution of Seaboard Mutual Casualty Company each appellant had a claim and right of action *only* against Peoples Cab Company. Each had the right to pursue his action to final judgment and to enforce that judgment against Peoples Cab Company. If Peoples Cab Company did not satisfy the judgment, it could attempt to secure satisfaction of the judgment from the indemnitor—Seaboard. This would have been done by resort to a writ of attachment execution against Seaboard on its policy of insurance. However, the order of dissolution enjoined and restrained all persons from instituting or *prosecuting* any action at law or in equity or any *attachment* or *execution* against said company. This order was entered by the Commonwealth Court as provided by statute for the liquidation of insolvent insurance companies and its validity is not questioned.

Here appellants did obtain judgments against Peoples Cab Company, but these judgments were obtained *after* the receivership and after the order of the Commonwealth Court. It was then and only then that a right of action against the indemnitor (Seaboard) accrued. This right of action accrued not against the original Seaboard Mutual Casualty Company, but against the statutory receiver. All claims against the receivership were required to be filed with the statutory receiver and proof of the validity and amounts of the claims were required to be made. The claimants so proceeded, recognizing the propriety of the order of the Commonwealth Court.

The majority now hold that "[t]his procedure in no possible way detracted from the binding effect of the judgments" and that "they should have been honored by the statutory liquidator in the full amounts they represented." I disagree with that conclusion of the majority.

The proceedings before the Insurance Commissioner acting as a statutory liquidator on a claim based on a cause of action which arose after the receivership is actually a de novo claim in which the statutory receiver makes a determination as to the value of the claim, its merit, and any other determination necessary to protect the assets of the defunct insurance company, as well as policyholders and other claimants. The action that a claimant has against the fund of the receivership is against the fund created from the assessments of the policyholders and that fund is protected from extravagant demands, spurious claims and fraudulent rights of action by the statutory liquidator in the exercise of his statutory duties.

Here, the statutory liquidator made determinations of the value of the claims against the fund. This in turn was appealed to the Commonwealth Court which affirmed the statutory liquidator's determination, stat-

80

ing (1) that the judgments of the Court of Common Pleas of Allegheny County were not binding on the statutory liquidator and (2) that the claims of the plaintiff were exaggerated. The majority's action ignores the purpose and statutory obligation of the statutory liquidator and substitutes its own notion as to the value and validity of the claims. It relies on *Riehle v. Margolies,* 279 U.S. 218 (1929), which, on analysis, clearly demonstrates that it is not authority. In *Riehle* the judgment obtained was obtained against the incapacitated company. Hence, the determination as to the value of the claim had been made in a proceeding against the receiver or the trustee. That is not the situation in this case. Here a judgment was obtained —not against the statutory liquidator and not against the company in liquidation—but against a third party. Moreover, this judgment against the third party was obtained after the court's order and hence could have no effect whatsoever on the amount or validity of the claim. By statute, the amount and validity of claims must be determined by the statutory liquidator.

The majority opinion permits the circumvention of what has been established law and practice in the Commonwealth and permits these appellants to obtain an advantage not permitted to others in the same class at the time the decree was entered. If the equities which have always existed in liquidation of insurance companies are to continue, the majority opinion necessitates the adoption of new statutory procedures which, I hope, will not be ignored by subsequent courts.

Mr. Justice JONES joins in this dissent.