Commonwealth ex rel. Woodside *v.* Seaboard
Mutual Casualty Company (et al.,
Appellants).

Argued October 5, 1965. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

reargu-
ment refused February 23, 1966.

*Seymour A. Sikov,* with him *William F. Manifesto,*
and *Wirtzman, Sikov & Love,* for appellants,

238

*Cecil P. Harvey,* Special Deputy Attorney General, for appellee.

Opinion by Mr. Justice Cohen, January 17, 1966:

The facts in this case are clearly set forth in *Commonwealth ex rel. Woodside v. Seaboard Mutual Casualty Company,* 415 Pa. 72, 202 A. 2d 42 (1964). It was there held that the judgments obtained in actions against the Peoples Cab Company "were proper judgments against Seaboard's insured; *Seaboard as insurer was responsible for the amounts of the judgments even though payment thereof was now to proceed through the liquidation proceedings and not by writ of attachment."* (Emphasis supplied).

Appellants now urge that they are entitled to be paid in full the face amount of their respective claims with interest. Nothing in our holding in *415 Pa.* commands such an interpretation. That case only determined that the face amount of the claims that the claimants have against Seaboard's liquidator is the amount of the judgments secured in the actions against the Peoples Cab Company and payment of those claims were "to proceed through the liquidation proceedings". The statutory liquidator in the liquidation proceedings now has interposed as a defense—not to the claim or to the amount of the claim but to the extent of liability of the insurer only—the policy limitations maintained in the insurance policies issued by Seaboard to Peoples Cab. Such a defense to the payment of the face amount of the claim is proper here just as it would have been proper in an action seeking recovery by writ of attachment against the insurer.

The appellants also appeal from the refusal of the statutory liquidator to allow interest on their claims. It is not necessary to go as far as the lower court did when it denied this claim. There the court disposed of the claim by holding that funds in the hands of the

insurance commissioner are in "custodia legis" and hence debts against the dissolved company do not bear interest. However, the facts indicate no interest has been paid to any claimant because there were not sufficient funds in the hands of the liquidator to pay any interest, and if and when such funds are available interest will be paid to claimants as their rights will appear. This position was taken by the liquidator and conforms with the determination of the Superior Court in the case of *Reliance Building and Loan Association Case*, 141 Pa. Superior Ct. 315, 318, 14 A. 2d 581, 582. (1940) : " ' "As a general rule, after property of an insolvent is in custodia legis interest thereafter accruing is not allowed on debts payable out of the fund realized by a sale of the property. But that is not because the claims had lost their interest-bearing quality during that period, but is a necessary and enforced rule of distribution, due to the fact that in case of receiverships the assets are generally insufficient to pay debts in full. If all claims were of equal dignity and all bore the same rate of interest, from the date of the receivership to the date of final distribution, it would be immaterial whether the dividend was calculated on the basis of the principal alone or of the principal and interest combined. . . . For that and like reasons, in case funds are not sufficient to pay claims of equal dignity, the distribution is made only on the basis of the principal of the debt. But that rule did not prevent the running of interest during the receivership; and, if, as a result of good fortune or good management, the estate proved sufficient to discharge the claims in full, interest as well as principal should be paid." ' " Thus, appellants' claim for interest is not finally disposed of but will be considered when future accounts are stated.

Decree affirmed. Each party to pay own costs.

CONCURRING AND DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I join in the majority opinion only in so far as it sustains the right of the statutory liquidator to assert, in the liquidation proceedings, the defense of policy limitations.

I must dissent, however, from the majority's disposition of appellants' claim to interest and its treatment of the matter of costs.

I do not join in that portion of the majority's opinion dealing with interest because it improperly implies that the appellants' have failed to establish their claim to interest.

In my view, appellants have taken appropriate steps to assert and preserve a claim to interest. At that stage of the liquidation proceedings when a fund for the payment of interest is shown to be available, they will be entitled to payment. This Court, therefore, should not suggest, as the language of the majority opinion does, that appellants have not yet established their right to interest.

Finally, I cannot approve of the imposition of even partial costs upon appellants. On this appeal, they have prevailed on the issue of their right to interest from the date of judgment, if and when funds become available. To impose part of the costs upon a successful appellant, as the majority seeks to do in the instant case, is to discourage appellate challenge to unwarranted administrative action. Moreover, the imposition of costs upon the present record ignores well established principles and replaces them with new, difficult, and uncertain standards, inadequate for the guidance of lawyers and courts alike. I, therefore, see no justification for the majority's action and must dissent.

Mr. Justice O'BRIEN joins in this opinion.

Dissenting Opinion by Mr. Justice Musmanno:

The issues presented in this appeal were disposed of completely and definitively in *Commonwealth ex rel. Woodside v. Seaboard Mutual Casualty Company,* 415 Pa. 72. The decision of the Majority today amounts to a reversal of 415 Pa. 72, but the reversal is stated in a paradoxical fashion in that it affirms 415 Pa. 72 by quoting a fragment from the opinion in that case, stating that the judgments obtained against the Peoples Cab Company were "proper judgments against Seaboard's insured; Seaboard as insurer was responsible for the amounts of the judgments even though payment thereof was now to proceed through the liquidation proceedings and not by writ of attachment".

But the Majority Opinion ignores what was further said in that opinion, namely, "Seaboard concedes that the amounts of the judgments would have been binding on Seaboard if the plaintiffs had been able to proceed by writ of attachment against Seaboard."

It also ignores the following definitive statements: "the only effect of the liquidation of Seaboard was to control the plaintiffs' manner of action against Seaboard on the judgments obtained against Peoples Cab. The judgments represented the amounts for which Seaboard would have been liable if liquidation had not intervened; the liquidation only affected the mode and manner of payments of the judgments by Seaboard but did not and could not affect the amounts for which Seaboard was liable. Those amounts were ascertained in an action against Seaboard's insured by a court, which was not and could not be ousted of its jurisdiction to proceed to final judgment because of the institution of liquidation proceedings against the insurance company involved. . . .

"The judgments were proper judgments against Seaboard's insured; Seaboard as insurer was responsible for the amounts of the judgments even though pay-

ment thereof was now to proceed through the liquidation proceedings and not by writ of attachment.

"The conclusion is inevitable that the insurance carrier was required to acknowledge the judgments obtained in the court of common pleas against Peoples Cab Co. as conclusive of the amounts of the plaintiffs' claims against Seaboard as insurers of Peoples Cab."

It will thus be seen that this Court stated in unequivocal language that Seaboard was liable to the plaintiffs in the full amounts of their verdicts.

The defiance of the Statutory Liquidator is amazing to behold. In the lower court, counsel for the Liquidator made this astounding statement: "As we tell these attorneys [the plaintiffs attorneys] in our letter, when we refuse to accept claims of third parties, claimants, we say we cannot live with that decision.. . . and it would be a great pleasure to me if these exceptions could be taken to the Supreme Court of the United States, to show how foolish the Supreme Court [of Pennsylvania] is."

And what is more amazing is that the Majority of this Court gives aid and comfort to this contumelious conduct, all at the expense of two plaintiffs who obtained their verdicts 13 years ago, and are still waiting to receive what the law has said they are entitled to.

The plaintiffs were up in years when they were injured. They are now approaching the sunset of life, but the Statutory Liquidator still stands in their path throwing before them the cold shadows of indifference, defiance and contumely. And this Court does nothing to dissipate those shadows, casting even an additional one of its own by stating that the interest which belongs to the plaintiffs in the most elementary adjudication of commercial jurisprudence, will be considered sometime in the by-and-by when the nebulous "future accounts are stated."

I also find considerable injustice in the Majority's placing one-half the costs of this appeal on the appellants. They have now been hammering at the doors. of government for thirteen years for what a court of law awarded to them, and, to now penalize them for continuing to ask for what should never have been denied them in the first place is, to use a hackneyed phrase but nevertheless quite appropriate, adding insult to injury.

I dissent.